Bank One, Akron, N.A., Appellee, *v.* Smart-Tomlinson Corporation et al.; Houston, Appellant.

(No. 13697—Decided December 28, 1988.)

*Ronald N. Towne* and *Cathy S. Drescher,* for appellee.

*William F. Snyder* and *Laurence R. Snyder,* for appellant.

Cacioppo, J. Bank One, Akron, N.A. ("Bank One") demanded security of Smart-Tomlinson Corporation for a $300,000 line of credit needed to service a 1.2 million dollar contract. Edmund G. Tomlinson, president of the corporation, made certain fraudulent representations to appellant, Loren W. Houston, in order to obtain Houston's signature as guarantor on the $300,000 note.

On October 19, 1983, Bank One obtained a cognovit judgment on the defaulted $300,000 note against Smart-Tomlinson Corp., Edmund Tomlinson and Edward Smart, individually, as makers of the note, and against Houston, as guarantor of the note. Smart-Tomlinson Corp. and Edmund Tomlinson subsequently filed for bankruptcy and Edward Smart was dismissed as a result of a settlement agreement with Bank One.

On September 8, 1986, Houston obtained relief from judgment pursuant to Civ. R. 60(B) and a trial was held before a referee. In his findings of fact and conclusions of law, the referee found that Houston failed to demonstrate a valid defense to the claim of Bank One on the note, and recommended that judgment be granted to Bank One against Houston. Houston timely filed objections to the referee's report. The trial court adopted the referee's report and entered judgment for Bank One. Houston took an appeal from the judgment and this court remanded the case to the trial court for consideration of the trial transcript prior to issuing its final order. See *Bank One, Akron, N.A.* v. *Smart-Tomlinson Corp.* (Mar. 23, 1988), Summit App. No. 13260, unreported. On May 23, 1988, the trial court issued a final order adopting the report of the referee. Houston now appeals.

Assignments of Error

"I. The lower court erred as a

matter of law when it held that appellant had not established the affirmative defense of fraud where Edmund Tomlinson was the apparent agent of Bank One, Akron, N.A.

"II. The lower court erred when it failed to conclude that the fraudulent acts of Edmund Tomlinson became those of bank when bank adopted those same acts as its own."

Houston contends that Edmund Tomlinson was the agent of Bank One for the purpose of obtaining Houston's signature, as guarantor, on the note.

Where a creditor demands security of his debtor who, to obtain it, makes fraudulent representations to the one who becomes guarantor, and the creditor is ignorant of these representations and innocent in regard to the debtor's conduct, no such relation of agency exists that will make the creditor responsible for the debtor's acts. *Kingsland, Hook & Co.* v. *Pryor* (1877), 33 Ohio St. 19, paragraph two of the syllabus.

In the case *sub judice,* Edmund Tomlinson made fraudulent representations to Houston in order to obtain Houston's signature as guarantor on the note. There is nothing in the record to support Houston's contention that Tomlinson was acting as an agent for Bank One. It was not shown that Bank One had any actual knowledge of the claimed fraud of Tomlinson nor was it shown that Bank One conspired directly or indirectly with Tomlinson.

Houston also contends that the relationship between Bank One and Tomlinson created an agency by estoppel. Such agency can be created where a principal's failure to exercise ordinary care allows third parties to act or rely on an apparent agency. *Ammerman* v. *Avis Rent A Car System* (1982), 7 Ohio App. 3d 338, 7 OBR 436, 455 N.E. 2d 1041, paragraph two of the syllabus. In the instant case, Houston argues that Bank One's conduct in giving the note to Tomlinson

was a breach of a duty to exercise ordinary care. We do not agree.

Tomlinson was president of the company and the parties had previous dealings. The note was given to Tomlinson to have the other parties sign the note. The note itself was never altered. Thus, the bank did not create an apparent agency when it gave the note to Tomlinson to have the other parties sign. Since no agency relationship existed between Tomlinson and Bank One, there can be no ratification.

Houston's first and second assignments of error are overruled.

### Assignment of Error III

"The lower court erred as a matter of law when it held that appellant was not discharged as a result of the settlement agreement with Edward C. Smart.".

Houston argues that the release of Smart, the sole remaining primary debtor, extinguishes the secondary liability of Houston.

Generally, if a creditor executes a written release of the debt to the debtor, one who guarantees the payment of the debt is also released from his obligation as guarantor of the debt. See *Banana Sales Corp.* v. *Chuchanis* (1928), 119 Ohio St. 75, 162 N.E. 274, paragraph one of the syllabus. However, the contract entered into between Bank One and Houston provides, in pertinent part, as follows:

"(4) The undersigned and each endorser and guarantor of this note, or the obligation represented hereby, waive presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note; and assent to any extension or postponement of the time of payment or any other indulgence, and/or to the addition or release of any other party or person primarily or secondarily liable."

By the terms of the note which he voluntarily signed, Houston clearly assented to the release of Smart. Thus, the release of Smart does not affect the liability of Houston. Therefore, the trial court was correct in finding that the settlement agreement entered into between Bank One and Smart did not result in a release and discharge of Houston.

Houston's third assignment of error is overruled.

### Assignment of Error IV

"The lower court erred when it issued a judgment entry adopting the report of the referee where the judgment entry reflects that the court failed to consider the trial transcript pursuant to Ohio Rule of Civil Procedure 53(E)(6)."

This court remanded this matter to the trial court with the instruction that the trial court consider the trial transcript prior to issuing its final order. On May 23, 1988, the trial court issued its final order adopting the report of the referee. The trial court is not required to expressly state in its order that it did, in fact, review the transcript. The language of the order does not reflect that the lower court failed to review the transcript.

Houston's fourth assignment of error is overruled and the decision of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.