JOURNAL ENTRY AND OPINION
Defendant Alan Palgut confessed judgment on a note held by plaintiff James Zelch, the successor in interest to Metropolitan Bank and Trust Company (Metropolitan), the original holder of the cognovit note. Palgut then asked the court for relief from judgment, claiming that the warrant of attorney contained in the cognovit provision of the note had been used once before when Metropolitan previously obtained a judgment but voluntarily dismissed the case after the court vacated that judgment. The court denied Palgut's motion for relief from judgment and this appeal followed.
Zelch and Palgut were two of five individuals who guaranteed a note executed by Rebound Rehabilitation Services and held by Metropolitan.The note contained a warrant of attorney permitting the holder to confess judgment on behalf of the guarantors. When Rebound defaulted on the note, Metropolitan filed a complaint against Rebound and the guarantors, using the warrant of attorney to confess judgment against the five guarantors. After the court entered judgment, the five guarantors filed a Civ.R. 60(B) motion for relief from judgment claiming that Metropolitan acted in bad faith by filing a complaint on the cognovit note. The court granted the motion for relief from judgment. Metropolitan then dismissed the action without prejudice pursuant to Civ.R. 41(A)(1).
About three weeks after dismissing the action, Metropolitan filed a second complaint on the note, using the same warrant of attorney to confess judgment against the guarantors. Defendant Zelch individually filed a motion for relief from judgment claiming that Metropolitan could not use the warrant of attorney contained in the cognovit provisions of the note to confess a second judgment against him. Metropolitan argued that language in the note permitted it to reuse the warrant of attorney. The court found it was against public policy to use a warrant of attorney twice to confess judgment and granted Zelch's motion for relief from judgment. Metropolitan appealed.
At that point, Rebound and another guarantor named Radford filed their own motion for relief from judgment, asserting the same grounds as Zelch. The court granted these motions as well.
While Metropolitan's appeal from the court's order granting Zelch relief from judgment remained pending in this court, Zelch satisfied the note. He and Metropolitan settled and dismissed the pending appeal and the court permitted Zelch to substitute for Metropolitan as the real party in interest in the action against the remaining guarantors.
Defendant Palgut then filed his own motion for relief from judgment, asserting the same grounds that Zelch had earlier prevailed upon the public policy against twice using a warrant of attorney to confess judgment in a cognovit note. This time, the court denied the motion for relief from judgment and Palgut appealed. Palgut's four assigned errors contest the court's refusal to grant relief from judgment and the court's decision to permit Zelch to substitute as a party for Metropolitan.
 I
The first three assignments of error collectively raise issues concerning the propriety of the court's refusal to vacate judgment. The primary argument asserted is that the court abused its discretion in refusing to grant relief from judgment because the warrant of attorney used to confess judgment against Palgut had been used previously by Metropolitan in the case it voluntarily dismissed. Having been used once, Palgut maintains the warrant of attorney cannot be used a second time.
 A
In order to prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must demonstrate (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus; Buckeye Fed. S. L. Assn. V. Guirlinger (1991), 62 Ohio St.3d 312, 314, 581 N.E.2d 1352. These requirements are independent and in the conjunctive; failure to establish any one of these requirements forecloses relief. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. The trial court has discretion to decide whether to grant relief from judgment, and its determination will be reversed only upon a showing that it abused its discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20-21; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97.
Because the execution of cognovit provision in a note allows judgment to be entered against the maker of the note by confession of judgment without rights to notice or prejudgment hearing, Medina Supply Co., Inc. v. Corrado (1996), 116 Ohio App.3d 847, 850, the courts have narrowly construed the holders' rights and generally permitted collateral attacks on the cognovit provisions of such notes with a lesser burden on the party seeking relief from judgment. Society Natl. Bank v. Val Halla Athletic Club Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413, 418; Meyers v. McGuire(1992), 80 Ohio App.3d 644, 646. Hence, the party seeking relief from a cognovit judgment need not show grounds for relief under Civ.R. 60(B)(1) through (5), but only need establish (1) meritorious defense and (2) that the party seeking relief filed the motion for relief from judgment in a timely fashion. Meyers,80 Ohio App.3d at 646; Medina Supply Company, 116 Ohio App. 3d at 850-851.
 B
Palgut claims a meritorious defense in law that prohibits a warrant of attorney from being used more than once to confess judgment on a cognovit note. In Public Finance Corporation v. Barnes(App. 1960), Ohio Law Abs. 458, we considered this question. The holder of a cognovit note obtained judgment under a warrant of attorney; however, the Cleveland Municipal Court dismissed the case on the holder's application and noted, [c]ancellation of note held for naught. Two days later, the holder used the same warrant of attorney and again obtained judgment, this time in the Lakewood Municipal Court. The face of the note reflected the prior judgment entered on that note by the Cleveland Municipal Court. We held:
 The warrant of attorney conferred no authority to confess judgment against the maker of the note a second time in favor of the payee. Clearly, the plaintiff had a right to dismiss its proceedings in the Cleveland Municipal Court, where it had obtained a judgment by confession on its note, which had a warrant of attorney attached. It had obtained a judgment in that court by the use of this power of attorney authorizing it to take such judgment. Having used the power of attorney once in the Cleveland Municipal Court, it devitalized the power of attorney. Neither plaintiff nor the Municipal Court of Lakewood, nor any other court, could revitalize that power. The Lakewood Municipal Court was powerless to enter judgment on the note by confession, and its judgment is void ab initio. Defendant entered his appearance generally in the Lakewood court by the filing of his petition, but that later appearance could not, and did not, validate the void judgment. The trial court in this case never did enter a judgment on the note after its original judgment by confession. Perhaps the court assumed that its judgment was voidable and not void; if such was the case, the court, in dismissing the defendant-appellant's petition, was guilty of a gross abuse of discretion. For these reasons, the order overruling the defendant-appellant's petition to vacate the judgment is reversed, and the cause remanded for further proceedings according to law.
83 Ohio Law Abs. at 459-460.
The facts in this case are nearly identical to those in Public Finance Corporation v. Barnes. Metropolitan obtained judgment on the cognovit notes and then voluntarily dismissed the cases against the five guarantors after the court vacated the judgments. Just days later, Metropolitan refiled the case using the same warrant of attorney. We find on authority of Public Finance Corporation v. Barnes, that it had no legal right to do so.
But Zelch argues that the cognovit notes contained provisions permitting the holder of the note to use the warrant of attorney more than once. Palgut counters by saying that the multiple use of the warrant of attorney violates public policy (a finding made by the court) and would render the cognovit judgment void ab initio.
Although Ohio follows the general rule that a warrant of attorney contained in a cognovit judgment may only be used once, see generally Annotation (1999), 80 A.L.R.2d 1380, there is nothing in this general rule to say it is grounded in public policy. It is true that the courts narrowly construe cognovit provisions, but there is no public policy against them. In fact, the courts have recognized the utility of cognovit provisions in the commercial setting:
 Cognovit notes serve a valuable commercial purpose by injecting a measure of security for the creditor into the lending relationship. See [D.H. Overmyer Co. v. Frick (1972)], 405 U.S. 174; 92 S.Ct. 775; 31 L.Ed.2d 124. Debtors receive the benefit of credit at a lower rate of interest than they would receive if they did not give the creditor the right to confess judgment against them.
F.D.I.C. v. Aaronian (C.A.9, 1996), 93 F.3d 636.
If this were a case involving an unsophisticated consumer party who unknowingly waived valuable rights, public policy might come into play. But Palgut, a commercial party, does not claim that he unwittingly waived any rights when he guaranteed the note, and the size of the note and relative bargaining position of the parties suggests that the note had been obtained at arm's-length. Under these circumstances, we cannot say that public policy prohibits informed parties from deciding to permit a warrant of attorney from being used more than once. We therefore find Palgut did not present a meritorious defense in his motion for relief from judgment and the court did not err by denying the motion.
 C
Palgut next argues the court abused its discretion by violating the law of the case when it granted Zelch's motion for relief from judgment by finding the second use of the warrant of attorney violated public policy, but denied Palgut's motion for relief from judgment even though it asserted the same grounds. We reject application of the doctrine of law of the case because we, as a reviewing court, are the ones who set the law of the case. See, e.g., State, ex rel. Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94; Nolan v. Nolan (1984), 11 Ohio St.3d 1
. Having held that the parties could validly contract to use the warrant of attorney more than once, it follows that the court could not have abused its discretion by refusing to grant relief from judgment when Palgut based his motion on that legal ground.
Admittedly, the court acted inconsistently by granting Zelch's motion for relief from judgment but denying Palgut's motion for relief from judgment. That inconsistency, however, is of no consequence here since we conclude the court ultimately reached the correct legal conclusion.
 D
Palgut also maintains the court erred by denying relief from judgment because Zelch, having been assigned the debt, lost all right to contribution by voluntarily paying a void obligation.
We disagree with the characterization of Zelch's assignment as a voluntary payment of the guaranty. The law is clear that once the underlying obligation is extinguished, so too is the guaranty.
See Banana Sales Corp. v. Chuchanis (1928), 119 Ohio St. 75, paragraph one of the syllabus ([i]f a creditor accepts goods in full payment of a debt owing him by his debtor and executes a written release of the debt to the debtor, one who guarantees the payment of the debt is also released from his obligation as guarantor of the debt.); Bank One, Akron, N.A. v. Smart-Tomlinson Corporation (1988), 56 Ohio App.3d 60.
Had Zelch paid off the note, Metropolitan would have nothing to assign. The note would have been extinguished and the guarantors would have been released from their obligations. But the record does not show that Metropolitan considered the note paid in full and, in fact, the opposite conclusion appears to hold. First, Zelch appeared to pay less for the note than Metropolitan had claimed in its complaint, so it is doubtful that the assignment was truly intended to extinguish the note. Second, nowhere in the record does it appear that Zelch intended to pay off the note. One would expect some memorialization on the face of the note to the effect that it had been paid in full. In fact, language in the assignment states that Metropolitan had assigned its right, title and interest in any claim it had relating to the obligations of the remaining guarantors. The use of the word obligations shows that the debt incurred by Rebound and guaranteed by the individual guarantors was still extant.
To conclude otherwise as suggested by Palgut would be to find Zelch made an error of the highest order inadvertently paying off a note with no possible hope of contribution from the remaining guarantors. This conclusion would go against settled practice in the commercial area. Guarantors sometimes pay consideration for an assignment of a debt, the incentive being the desire to protect whatever assets the individual guarantor had pledged in support of the guaranty. By taking an assignment of the debt, the guarantor can then protect collateral and seek contribution from the other co-guarantors. Under no circumstances, however, would the note be considered paid in full.
For the foregoing reasons, we find Palgut did not assert a meritorious defense in his motion for relief from judgment. Having failed to establish the necessary elements of the motion, the court did not abuse its discretion by denying the motion for relief from judgment. The assigned errors are overruled.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
DIANE KARPINSKI, P.J., KENNETH A. ROCCO, J., CONCUR.
 _________________________ JOHN T. PATTON, JUDGE