## MIRMAN, Etc v WEBSTER

Ohio Appeals, 9th Dist, Summit Co

No 2403.  Decided July 19, 1934

Hutchison & Firestone, Akron, for plaintiff in error.

E. F. Mooneyham, Akron, for defendant in error.

## OPINION

By FUNK, J.

It will be noted that this is not an action on a note, but is a special proceeding under chapter 6 of division IV of title IV of part third, of the General Code, being §§11631 et seq., GC, to vacate a judgment after term.

It will be further noted that, in such special proceedings, the burden is upon the party asking the vacation of the judgment, to show to the court that at least one of the ten grounds upon which a judgment may be vacated after the term, as set forth in said §11631 GC exists. The only ground upon which plaintiff in error asked that the judgment be vacated in the instant case was that under subdivision 9 of said §11631 GC, as her only claim was that the judgment was taken upon a warrant of attorney for more than was due.

In view of the fact that a judgment entered upon a warrant of attorney is taken without notice to the defendant, courts have been quite liberal in suspending the judgment until the cause could be tried on its merits, where an answer which shows a good and valid defense has been tendered within a reasonable time, and that is as it should be; but this liberality does not permit the court to vacate the judgment without some showing that some one of the grounds to vacate, as set forth in said §11631, GC, exists.

By the provision of the Code (§11636 GC), "The court must try and decide upon the grounds to vacate * * * a judgment * * * before trying or deciding upon the validity of the defense * * *."

Sec 11637, GC, provides in part that "A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered."

It is thus clear that the court must find not only that one of the grounds specified in said §11631 GC exists, but also that there is a valid defense.

Ordinarily, the court only decides whether the answer tendered sets up what in law, if proved by competent evidence, would be a valid defense, and the court does not and should not go into the question of the

proof of the defense (**Lee v Benedict, 82 Oh St 302**).

However, it may occur that one of the defenses set up is of such a character that its adjudication is necessary to determine the ground for the vacation of the cognovit judgment. (**Bulkley v Greene, 98 Oh St 55, at p. 59**).

Such is the situation in this case, as it is not claimed by plaintiff in error that there was any error in computation, whereby said judgment was entered for a larger amount than was properly due upon said note, or that there was any fraud or irregularity in obtaining said judgment; the only contention is that, by reason of a claimed complete defense to the note, to-wit, that it was obtained by false and fraudulent representations and that defendant in error was not an innocent holder in due course before due, there was nothing due from her upon said note, and that therefore a judgment for any amount would be for more than is due. Consequently, in order to establish the preliminary issue of showing that the judgment was taken for more than was due, it was necessary for plaintiff in error to prove her defenses of false representation and that defendant in error was not an innocent purchaser before due, or that said judgment had been settled—that is, that there was an accord and satisfaction of said judgment.

We find no evidence whatever in the record that attempts to show that there was an accord and satisfaction of said judgment.

We also find that the evidence adduced is not such as would require the court to find that the note in question was obtained by false representations, but that if the trial court had found that said note was not so obtained, we could not say that such finding was against the weight of the evidence.

The limited statement by the court at the close of all the evidence, as shown by the record, does not make a definite finding as to the existence of the ground on which it was sought to vacate said judgment, but in harmony with the liberality of courts in vacating judgments taken on warrants of attorney without notice, where the proffered answer sets up what in law would be a good defense, the trial judge indicated that he would so find if the evidence had shown that defendant in error had any knowledge of the claimed fraudulent representations at the time he purchased said note.

However, which ever way the trial court found on that question, that court did find,

on the second essential element, that the defendant was an innocent purchaser of said note in due course before due, and that accordingly, the answer of plaintiff in error did not set up a valid defense as against the defendant in error.

We think the evidence in this case fully warranted the court in finding as it did; at least we cannot say that the court's ruling was against the weight of the evidence or that the court in any way abused its discretion in refusing to vacate said judgment.

The judgment of the trial court in the proceedings to vacate said judgment is therefore affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.