LEWANDOWSKI, Appellee,

v.

DONOHUE INTELLIGRAPHICS, INC., Appellant.

[Cite as *Lewandowski v. Donohue Intelligraphics, Inc.* (1994), 93 Ohio App.3d 430.]

Court of Appeals of Ohio,
Medina County.

No. 2218-M.

Decided March 9, 1994.

*Robert E. Matyjasik* and *Ronald Lasko,* for appellee.

*Margaret Mary Meko* and *David A. Schaefer;* *Godfrey & Kahn* and *Jane Schlicht,* for appellant.

DICKINSON, Judge.

Defendant Donohue Intelligraphics, Inc. has appealed from the denial of a motion for relief from judgment it filed in the Medina County Court of Common Pleas pursuant to Civ.R. 60(B). By its motion, defendant sought to have a cognovit judgment against it vacated. It has argued that the trial court.abused its discretion by denying that motion because (1) it presented a meritorious defense to the claim against it by showing that the amount of the judgment entered pursuant to the cognovit provision had been incorrectly calculated; (2) the trial court did not have jurisdiction to enter a cognovit judgment pursuant to R.C. 2323.13(A); and (3) Wisconsin law was applicable in this case and cognovit provisions are void under Wisconsin law.[1] This court reverses the decision of the trial court because defendant presented a meritorious defense to the claim against it and was otherwise entitled to relief pursuant to Civ.R. 60(B).

I

Defendant is a Wisconsin corporation. An affiliate of defendant purchased the stock of GTI of Ohio, Inc. ("GTI") from several individuals, including the plaintiff in this lawsuit. As part of that transaction, GTI executed four promissory notes to the sellers, including two to plaintiff. In addition, defendant executed a limited guarantee of the four promissory notes executed by GTI. Although the total principal of the four promissory notes was $730,000, defendant's guarantee was limited to $350,000. The guarantee also specifically provided 'that defendant's obligation pursuant to it would be reduced by any and all amounts paid on the principal of the notes:

"Guarantor's obligations hereunder shall be reduced by any and all principal amounts paid under or set off against such Promissory Notes, whether by GTI, by Guarantor, or otherwise."

---

1. This court has rearranged defendant's arguments for ease of discussion.

The guarantee also contained a cognovit provision which authorized "any attorney at law to appear in any court of record in the State of Ohio * * * when the Promissory Notes become due per the terms and conditions of the Promissory Notes and waive the issuance of the service of process and confess judgment against [defendant] in favor of the holder of this Guaranty, for the amount then due, together with costs of suit and, thereupon, to release all successors and waive all rights of appeal and stay of execution."

On July 29, 1992, plaintiff filed a complaint against defendant based upon the guarantee. He averred that GTI had defaulted on the promissory notes owed him and demanded judgment in the amount of $156,029.72.

Along with the complaint, an answer was filed on defendant's behalf in reliance upon the cognovit provision of the guarantee. Pursuant to that answer, defendant confessed judgment for the full amount demanded by plaintiff. The trial court entered judgment in that amount the same day. Defendant first learned of the judgment when a notice of filing cognovit judgment was served upon it.

Defendant moved for relief from judgment on September 2, 1992.[2] The trial court denied defendant's motion on March 18, 1993.

## II

### A

Defendant's first assignment of error is that the trial court abused its discretion by denying its motion for relief from judgment because it presented a meritorious defense to the claim against it by showing that the amount of the judgment entered pursuant to the cognovit provision had been incorrectly calculated. To prevail on a Civ.R. 60(B) motion, a party must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

Collateral attacks upon cognovit judgments "traditionally have been freely permitted." *Meyers v. McGuire* (1992), 80 Ohio App.3d 644, 646, 610 N.E.2d 542, 544, citing *Mirman v. Webster* (App.1934), 17 Ohio Law Abs. 327, 328. "The

---

2. Defendant attempted to remove this action to the Federal District Court for the Northern District of Ohio on August 18, 1992. Its motion for relief from judgment was originally filed in the district court on September 2, 1992. The district court remanded this action to the trial court on October 27, 1992. Thereafter, on January 13, 1993, defendant refiled its motion for relief from judgment with the trial court.

prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application." (Citations omitted.) *Id.* In this case, plaintiff has not suggested that defendant failed to move for relief within a reasonable time of entry of judgment against it. To be entitled to relief from the cognovit judgment that was entered in this case, therefore, defendant was required to demonstrate to the trial court that it had a meritorious defense to plaintiff's claim.

As mentioned previously, defendant's guarantee covered four promissory notes: two to plaintiff and two to other individuals. According to an affidavit submitted by defendant in support of its motion for relief from judgment, the payees, the original principal amounts, the total principal payments made, and the principal balances remaining on each of those notes were:

| | Payee | Original Amount | Amount Paid | Balance |
|---|---|---|---|---|
| 1. | Plaintiff | $350,000.00 | $188,500.00 | $161,500.00 |
| 2. | Plaintiff | $200,000.00 | $ 36,066.53 | $163,933.47 |
| 3. | J. Karlen | $150,000.00 | $ 27,049.92 | $122,950.08 |
| 4. | E. Taylor | $ 30,000.00 | $ 5,410.09 | $ 24,589.91 |
| | Total | $730,000.00 | $257,026.54 | $472,973.46 |

Defendant argued to the trial court that, pursuant to the terms of the guarantee, the $257,026.54 paid on the principals of the four notes should have been subtracted from $350,000, the original amount of the guarantee, resulting in a remaining obligation under the guarantee of $92,973.46. Defendant further argued that plaintiff was entitled to recover only that part of the $92,973.46 equal to the ratio of the amount still owed on his two notes to the amount still owed on all four notes. According to defendant, that amount was $80,657.57.

Plaintiff calculated the $156,029.72 demanded in his complaint by multiplying the outstanding balance owed on his two notes by .47952, a number representing the ratio of the original amount guaranteed, $350,000, to the original amount owed on the four notes, $730,000. Although the guarantee provided that defendant's obligation was to be reduced by "any and all principal amounts paid under or set off against such Promissory Notes," the method used by plaintiff to calculate his demand afforded defendant credit for only 52.048 cents of each dollar paid on those notes. Accordingly, it appears that defendant had a meritorious defense to present to plaintiff's claim against it. "An abuse of discretion is committed when, despite the existence of a valid defense, a trial court overrules a timely motion to vacate a judgment entered without prior notice upon confession pursuant to a warrant of attorney." *Meyers v. McGuire* (1992), 80 Ohio App.3d 644, 647, 610 N.E.2d 542, 544. Defendant's first assignment of error is sustained.

## B

In view of this court's resolution of defendant's first assignment of error, its remaining arguments are moot. Accordingly, defendant's second and third assignments of error are overruled.

## III

Defendant's first assignment of error is sustained and his second and third assignments of error are overruled. The order of the trial court denying defendant's motion for relief from judgment is reversed and this matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE, J., concurs.

QUILLIN, P.J., concurs in judgment only.