JOURNAL ENTRY and OPINION
Plaintiff-appellant G.W.D. Enterprises, Inc. appeals from the trial court's granting several motions to vacate judgment filed by the defendants-appellees Down River Specialties, Inc., Michael Tritolaand Michael Sidora. We find no merit to the appeal and affirm.
This case involves four separate cases, Case Nos. 370263, 370264, 370265, and 397440. These cases were consolidated by the trial court. The cases all concern the nonpayment of commercial loans extended by the plaintiff to the defendants. The aggregate amount of the loans was $85,000.
The plaintiff is a commercial financial institution and the defendants are a corporation and two businessmen who own and operate a tavern in the City of Cleveland Warehouse District.
Each of the loans extended by the plaintiff to the defendants included a cognovit promissory note and collateral guaranty, personally guaranteeing each loan. The loans were also secured by the defendants' commercial property. Altogether the plaintiff had extended seven loans to the defendants, three of which the defendants paid in full.
On November 23, 1998, the plaintiff obtained a cognovit note judgment against the defendants on all four of the outstanding loans. On May 17, 2000, the defendants filed motions to vacate the cognovit note judgments in each of the cases.
The defendants argued in each of these motions that the motion to vacate was timely as they were not aware that the plaintiff had obtained cognovit note judgments until foreclosure proceedings were commenced on the commercial property on January 24, 2000. They also argued that the loans were either paid in full or in part without a set-off in the cognovit judgments. Attached to the various motions were copies of the cognovit notes, supporting affidavits and checks indicating payment.
The plaintiff filed a motion in opposition in each case alleging that the payments the defendants alleged they made on the loans were actually made on other loans which were not the subject of the cognovit note judgments. Plaintiff attached to its various opposition motions affidavits by the president of G.W.D. attesting that no payments were made on the notes, letters of notice to the defendants regarding late payments, and unauthenticated computer printouts documenting the defendants' payment history on each of the loans.
According to the docket, the consolidated case was set for a hearing on June 5, 2000, which was later continued to June 21, 2000. On June 27, 2000, the trial court granted the defendants' motions to vacate.
The plaintiff now timely appeals, assigning three assignments of error.
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTIONS FOR RELIEF FROM JUDGMENT WHEN APPELLEES FAILED TO DEMONSTRATE THAT THEY HAD A MERITORIOUS DEFENSE.
The requirements necessary for a motion seeking relief from judgment have been set forth in paragraph two of the syllabus of GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1)(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Where the judgment sought to be vacated is a cognovit judgment, the party filing a 60(B) motion has a lesser burden. Because the defendant has never had a chance to be heard in cognovit proceedings, he should be given his day in court. In such a case, the movant need only assert that the motion was timely made and that it has a meritorious defense. See Medina Supply Co. v. Corrado (196), 116 Ohio App.3d 847, 850-51; Davidson v. Hayes (1990), 69 Ohio App.3d 28; Society National Bank v. Val Halla Athletic Club Recreation Center, Inc. (1989), 63 Ohio App.3d 413.
The moving party does not have to prove his case on the motion, only that he had a meritorious claim or defense to assert. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20; Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 67; Meyers v. McGuire (1992),80 Ohio App.3d 644, 646.
Whether relief should be granted is addressed to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. The term abuse of discretion connotes more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 581.
The motions in the case herein were timely filed because defendants apparently were not aware of the cognovit note judgments until January 24, 2000, when foreclosure proceedings were commenced against their commercial property.
The defendants also presented a meritorious defense in support of their motions to vacate. Defendants alleged in their motions that either they made partial payments which were not offset in the cognovit judgments or that they in fact paid the particular loan in full. If the defendants' contentions are indeed true, these are valid defenses to the cognovit note judgments. The court in Your Financial Community of Ohio, Inc. v. Emerick, (Oct. 21, 1997), 123 Ohio App.3d 601, 605-606 held:
 Payment is a meritorious defense to a claim on a cognovit note. See Cautela Bros. v. McFadden (1972), 32 Ohio App.2d 329, 332, 291 N.E.2d 539. The existence of a meritorious defense as to part of a claim on a cognovit note is sufficient. See Matson v. Marks (1972), 32 Ohio App.2d 319, 323, 291 N.E.2d 491
(referring to a valid defense to all or part of the claim); Ensley v. Alexander Leasing Corp.(Dec. 14, 1982), Stark App. No. CA-5934, unreported. Therefore, partial payment is a meritorious defense. See Lewandowski v. Donohue Intelligraphics, Inc. (1994), 93 Ohio App.3d 430, 433, 638 N.E.2d 1071.
Defendants also submitted evidentiary materials in the form of copies of checks paid and affidavits in support of their arguments that payments were partially made or made in full.
Since the defendants complied with requirements of Civ.R.60(B), the trial court did not abuse its discretion in granting the defendants' motions to vacate the judgments.
Plaintiff's first assignment of error is without merit and is overruled.
 II. THE TRIAL COURT ERRED IN SUMMARILY VACATING APPELLANT'S COGNOVIT JUDGMENTS WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING.
Plaintiff argues that the in-chambers hearing conducted by the trial court did not satisfy the hearing requirement contemplated by Civ.R. 60(B).
Since no court reporter was present at the hearing, we have no record of what transpired during this hearing nor did the plaintiff provide us with an App.R. 9(C) statement regarding the proceedings. Therefore, with no evidence of what was presented or discussed during the hearing, we must presume the trial court afforded the plaintiff an opportunity to present its arguments at the hearing. Kelm v. Kelm (1992),73 Ohio App.3d 395, 400; Moon v. Northwest Airlines, Inc. (June 13, 2000), Franklin App. No. 99AP01104, unreported.
Furthermore, we note that Civ.R. 60(B) does not require a hearing to be conducted. We also note that it is not an abuse of discretion by the trial court to fail to conduct an evidentiary hearing when the trial court has sufficient evidence before it to decide whether a meritorious defense was presented. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,14.
Defendants' motions, copies of checks and supporting affidavits alleged sufficient operative facts to constitute a meritorious defense if found to be true. A movant need only prove that it has a meritorious defense. The movant is not required to prove that it will ultimately prevail if relief is granted. Rather the burden on the moving party is only to allege operative facts which would constitute a meritorious defense if found to be true. Colley v. Bazell (1980), 64 Ohio St.2d 243, 247, fn. 3; Moore v. Emmanuel Family Training Center, Inc. (1985), 18 Ohio St.3d 64,67.
Plaintiff's second assignment of error has no merit and is overruled.
 III. THE DECISION OF THE TRIAL COURT ESSENTIALLY REWRITES THE STATUTORY LAW ON COGNOVIT NOTES, SUBSTANTIALLY IMPAIRS THE CONTRACTUAL RELATIONSHIP BETWEEN THE PARTIES, AND IS THEREFORE UNCONSTITUTIONAL.
Plaintiff argues that the trial court, by summarily vacating the cognovit note judgments without first conducting a hearing, in effect, emasculated the provisions in R.C. 2323.12 and 2323.13 governing cognovit notes and impaired the obligation of contracts.
As we stated above, we have no record of what transpired in the in-chambers hearing. In lieu of a transcript or App.R. 9(C) statement, we must presume regularity and assume the trial court afforded the plaintiff an opportunity to present its arguments and evidence in opposition.
Furthermore, our decision today does nothing to change the law governing cognovit notes as stated in R.C. 2323.12 and 2323.13. It merely provides a debtor alleging fraud in the obtaining of the cognovit note judgments an opportunity to be heard. Certainly R.C. 2323.12 and 2323.13 do not condone the practice of misleading the trial court as to the amounts in default on the notes as alleged by the defendants.
The plaintiff's third assignment of error has no merit and is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and KENNETH A. ROCCO, J., CONCUR