OPINION
Defendant-appellant Elia Sorice appeals from the decision of the Mahoning County Common Pleas Court which denied his motion to vacate a judgment previously entered in favor of plaintiff-appellee Second National Bank of Warren against him and his co-defendant Russell Saadey on a cognovit note and warrant of attorney. The issue before us is whether Sorice presented operative facts to demonstrate a meritorious defense to the Bank's claim. More specifically, the issue is whether the note permitted advances against a line of credit where only one of the two authorized agents requested the advances. For the following reasons, the decision on the trial court is affirmed.
 STATEMENT OF FACTS
On October 7, 1998, AAA Music Vending, Inc. executed a cognovit promissory note for $100,000 whereby the Bank agreed to supply a revolving line of credit in the amount of the note to the Corporation. Saadey signed the note in his capacity as president, and Sorice signed the note in his capacity as vice-president. Saadey and Sorice each also signed a commercial guaranty and thus became guarantors of the corporate loan in their personal capacities. Each guaranty contained a valid warrant of attorney.
In a paragraph captioned "LINE OF CREDIT," the promissory note states:
 "Advances under this Note may be requested in writing by Borrower [the Corporation] or by an authorized person. * * * The following party or parties are authorized to request advances under the line of credit until Lender receives from Borrower at Lender's address shown above written notice of revocation of their authority: Russell J. Saadey, President; and Elia Sorice, Vice President. Borrower agrees to be liable for all sums either: (a) advanced in accordance with the instructions of an authorized person or (b) credited to any of Borrower's accounts with Lender."
The Corporation's first advance for $518 was signed by both Saadey and Sorice. All subsequent advances, which eventually exhausted the credit limit, were signed only by Saadey. The last payment the Bank received from the Corporation on the note was on August 9, 2000. Thereafter, the Corporation was in default on the note. Apparently, the Corporation filed for bankruptcy in April 2000. Thus, on September 19, 2000, the Bank filed suit solely against Saadey and Sorice as guarantors of the Corporation's note. Due to the warrant of attorney, judgment was confessed on behalf of Saadey and Sorice.
On September 21, 2000, the trial court entered judgment on the cognovit note for the Bank in the amount of $99,493.29 in debt, $1,843.38 in interest, and $50.41 in late charges. On September 29, 2000, Sorice filed a Civ.R. 60(B)(5) motion to vacate the judgment and an affidavit. The Bank responded in opposition, attaching exhibits and affidavits. On March 9, 2001, the trial court denied Sorice's motion to vacate. Sorice filed timely notice of appeal in this court.
 ASSIGNMENT OF ERROR
Sorice's sole assignment of error contends:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO VACATE JUDGMENT WITHOUT HOLDING AN EVIDENTIARY HEARING."
In filing a motion for relief from judgment under Civ.R. 60(B), the movant must establish the following: (1) that he has a meritorious defense to present; (2) he is entitled to relief from judgment under Civ.R. 60(B)(1) through (5); and (3) the motion is timely. GTE AutomaticElec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 150-151. In the case of judgment that is entered on a cognovit note, where judgment is entered without notice to the defendant, the second GTE requirement is satisfied through Civ.R. 60(B)(5), any other reason justifying relief from judgment. Medina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847,850-851 (Eighth Appellate District). See, also, Lewandowski v. DonohueIntelligraphics, Inc. (1994), 93 Ohio App.3d 430, 432-433; Meyers v.McGuire (1992), 80 Ohio App.3d 644, 646; Davidson v. Hayes (1990),69 Ohio App.3d 28, 31; Soc. Nat. Bank v. Val Halla Athletic Club Rec.Ctr. (1989), 63 Ohio App.3d 413, 420 (all from the Ninth Appellate District).
Thus, since we have no issue of timeliness here (Sorice filed his motion to vacate one week after judgment was entered), the only remaining issue is the allegation of a meritorious defense. In alleging a meritorious defense, a movant need not prove he will prevail on that defense but must allege a specific defense that would defeat the plaintiff's claims if proved. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. A general conclusory allegation is insufficient to meet the burden. A motion to vacate can be denied without a hearing where operative facts are not outlined to demonstrate the defense. Thus, a hearing is only required to verify or discredit facts where sufficient operative facts in support of the alleged defense are initially set forth. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19.
As a defense, Sorice claims that the note requires that the signatures of both himself and Saadey be on every request for an advance. His affidavit states that he signed with Saadey on the first advance and that this advance had been repaid. The Bank agrees that Sorice only signed the first advance and that this advance was repaid. However, the Bank disagrees that both signatures were required for advances.
The Bank submits the affidavit of its vice-president/commercial loan officer who states that he informed Sorice at the time of the note-signing that either signature was sufficient for requesting advances for day-to-day operations of the Corporation. The Bank also argues that Sorice has no defense because the validity of the debt is res judicata due to its inclusion in the Corporation's bankruptcy disposition, citingYo-Can, Inc. v. The Yogurt Exchange, Inc. (Dec. 12, 1998), 7th Dist. No. 95CA72 and Leonard v. Bank One of Youngstown (Dec. 24, 1997), 7th Dist. No. 96CA42. The Bank also claims ratification or consent and points out that Sorice is the Corporation's vice-president who knew that the Corporation was not operating on merely the first advance he signed for $518. These responses are more factual and deal with the ability to succeed at trial rather than on the validity of the specific defense alleged by Sorice.
The Bank's strongest argument here is where it directs us to the plain language of the contract and urges that this language negates the existence of the meritorious defense proffered by Sorice. This court agrees that the language does not require the signature of both Saadey and Sorice. As such, the motion to vacate was properly denied without a hearing because there were no operative facts to verify or discredit at such a hearing. Multiple parts of the above-quoted contractual language support our decision that two signatures are not required.
First, the note says that advances can be requested in writing by "an authorized person." It does not say that advances can be in writing signed by all authorized people. Then it states, "[t]he following party or parties are authorized to request advance * * *." This language alone indicates that a list will follow and that any person on the list can request an advance for the Corporation. See Savin v. Cent. Trust Co. (1995), 106 Ohio App.3d 465, 473 (noting that those signatures authorized to request draws from the line of credit were listed).
Additionally, we note that the list is preceded by a colon and the names are separated by a semi-colon. Although the word "and" is used, rather than the word "or", the punctuation and surrounding words demonstrate that the names are merely listed and that the request of either is sufficient. Moreover, the and/or issue as set forth in the Uniform Commercial Code, where "and" requires both signatures and "or" requires either signature, deals with the situation where a negotiable instrument is payable to more than one party. R.C. 1303.08(D) (but noting that if it is ambiguous, such as stating "and/or," then it is payable to either). Here, the note is payable to the bank; thus, this section is inapplicable to the contract obligation scenario. As such, as previously opined, the language authorizing Saadey "and" Sorice to request advances to be paid to the Corporation merely represents a list of all authorized requesters. Finally, the note refers to liability for all amounts advanced in accordance with the instructions "of an authorized person," again meaning that only one authorized person need make the request.
For the foregoing reasons, Sorice has failed to set forth a meritorious defense as his claim is clearly negated by the plain language of the contract. Accordingly, the judgment of the trial court denying Sorice's motion to vacate is hereby affirmed.
Waite, J., concurs.
Reader, J., concurs.