OPINION
{¶ 1} Plaintiff, Tammy L. Turner, appeals from an order of the court of common pleas dismissing her action for personal injuries against Defendant, Luther R. Duncan.
 {¶ 2} Turner filed her complaint on July 11, 2002. The action was a refiling of a prior action on the same claim for relief that Turner had voluntarily dismissed.
 {¶ 3} The clerk attempted service of the complaint and summons on Duncan by certified mail. Service was unsuccessful. The clerk's docket shows that, pursuant to Civ. R. 4.1(A), Turner's counsel was notified by the clerk on July 23, 2002, that service was unsuccessful. Subsequently, however, on August 27, 2002, the court itself served a notice on Turner stating that a review of the docket "indicates service had been perfected" and that "defendant(s) Luther R. Duncan is in default for answer or appearance." The notice further states:
 {¶ 4} "Please review your file to ascertain whether or not default proceedings pursuant to Civil Rule 55 are in order at this time. Should there be some valid reason why default judgment cannot be taken at this time, inform the Court.
 {¶ 5} "Failure to file a response to this notice within fourteen days may result in the administrative dismissal of this action.
 {¶ 6} "So ordered."
 {¶ 7} Instead of informing the court of the prior contrary notice he had received from the clerk that service was unsuccessful or making inquiries to verify that service had been obtained, Turner moved for a default judgment on September 10, 2002. The court granted the motion on the issue of liability and referred the issue of damages to a magistrate. The magistrate decided that damages in the amount of $6,315 should be awarded. On February 3, 2003, the trial court adopted the magistrate's decision, awarding Turner a default judgment in that amount against Duncan.
 {¶ 8} On May 7, 2003, possibly in response to Turner's efforts to execute on her judgment, Duncan filed two motions. One was a Civ. R. 60(B) motion to vacate the default judgment. The other was a motion to stay execution pending a determination of Duncan's Civ. R. 60(B) motion.
Duncan's Civ. R. 60(B) motion argued that the default judgment should be vacated because Duncan was never served in the action in which the judgment was granted.
 {¶ 9} The court set the motion to vacate for submission on May 14, 2003, ordering that "[a]ll memoranda and/or affidavits either in support or in opposition to the motion must be filed not later than twenty-four hours prior to (that) date." Plaintiff Turner sought additional time to respond, and was granted an extension until July 16, 2003.
 {¶ 10} On August 5, 2003, the court filed an Entry Vacating Default Judgment, which states:
 {¶ 11} "This matter was before the court on the Defendant's motion to set aside the default judgment. The Plaintiff has not responded to said motion, and the time for filing a response has expired. Accordingly, the court hereby finds the Defendant's motion well taken, and hereby grants said motion. The default judgment has been set aside pursuant to Civil Rule 60(B). The court further finds that the Defendant has not been served with the lawsuit, and orders the Plaintiff to proceed with serving the lawsuit. No responsive pleading shall be due from the Defendant until the lawsuit is served.
 {¶ 12} "It is so ordered."
 {¶ 13} Plaintiff Turner filed a request for service by special process server on August 28, 2003. On September 2, 2003, Defendant Duncan filed a motion to dismiss, arguing that, more than one year having passed since Turner filed her complaint, on July 11, 2002, any service that might then be obtained could not satisfy the requirement of Civ. R. 3(A) that service of the complaint be perfected within one year after filing. Service was subsequently perfected on Duncan on September 15, 2003.
 {¶ 14} On October 8, 2003, the court granted Duncan's motion to dismiss, finding that Turner had not perfected service within one year after her complaint in the action was filed. The court rejected the notion that the service subsequently perfected on September 15, 2003, satisfied Civ. R. 3(A). The court also rejected Turner's claim that she reasonably relied on the notice from the court dated August 27, 2002, which erroneously indicated that service had been perfected, when she filed her motion for default judgment.
 {¶ 15} Turner filed a timely notice of appeal on November 4, 2003, from the October 8, 2003, order of dismissal. In support of her single assignment of error, which is that the court improperly dismissed her action, Turner contends that the court should have granted her additional time to perfect service because Turner reasonably relied on the court's erroneous notice that service was perfected when she filed her motion for default judgment.
 {¶ 16} Before addressing the merits of the error which Turner assigns, we will address an issue raised by this court at oral argument and which the parties have briefed: whether the Civ. R. 60(B) motion and motion to stay execution that Defendant Duncan filed on May 7, 2003, within one year after Turner's complaint was filed, constitutes a form of appearance that waived Duncan's right to complain of a failure of service. Personal jurisdiction can be obtained through service of process pursuant to the Civil Rules, voluntary appearance, or waiver. Mayhew v. Yora (1984),11 Ohio St.3d 154.
 {¶ 17} Civ. R. 60(B) pertains to judgments which are merely voidable, not to those which are void, and a judgment of a court which lacks personal jurisdiction over a person is to that extent void. Lewandowski v. Donohue Intelligraphics, Inc. (1994),93 Ohio App.3d 430. Even so, courts have held that such a judgment, when it is flawed by a lack of personal jurisdiction, may be set aside pursuant to Civ. R. 60(B)(5). Rite Rug, Inc. v. Wilson
(1995), 106 Ohio App.3d 59.
 {¶ 18} The Civ. R. 60(B) motion that Duncan filed, and the motion for ancillary relief filed with it seeking a stay of execution, challenged the court's personal jurisdiction over him. Upon consideration, we agree with the conclusion reached by the Seventh District Court of Appeals in Karas v. Roar (March 21, 2000), Jefferson App. No. 98JE4, that such a motion and other challenges to a court's personal jurisdiction over the movant are not a form of appearance that waives the movant's right to object to a failure of service. By its terms, a Civ. R. 60(B) motion may be filed only after the final judgment it seeks to vacate, which itself operates to terminate the jurisdiction of the court which the plaintiff's complaint invoked. The motion could not, therefore, invoke jurisdiction which has terminated.
 {¶ 19} We now turn to Plaintiff Turner's contention that the trial court abused its discretion when it dismissed her action instead of allowing her additional time to perfect service, in view of the fact that the failure to perfect service was due, at least in part, to the court's erroneous notice that service had been perfected.
 {¶ 20} Civ. R. 3(A) provides:
 {¶ 21} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ. R. 16(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)." By its terms, Civ. R. 3(A) mandates that service be obtained within one year after a complaint is filed. Cecil v. Cottrill, 67 Ohio St.3d 36,1993-Ohio-225. If service is not obtained within that time, the action terminates and is subject to dismissal. Baldwin's Ohio Civil Practice, Section 3:9. Further, any default judgment that was rendered is void for lack of personal jurisdiction. Wise v.Qualified Emergency Specialists (December 17, 1999), Hamilton App. No. C-980802.
 {¶ 22} We have held that the one-year term in Civ. R. 3(A) is not subject to extension by the court. Weathers v. Carter
(April 20, 2001), Montgomery App. No. 18598 Therefore, the trial court could not extend the time for service, notwithstanding the fact that the court's own notice appears to have prompted Plaintiff Turner to make no further efforts at service or to verify service, relying instead on the court's advice that service had been perfected.
 {¶ 23} It is undisputed that the court's notice was incorrect and that Duncan had not been served. We note, however, that the court's notice carried the caveat "to review your records to ascertain whether or not default proceedings pursuant to Civil Rule 55 are in order at this time," and to inform the court "[s]hould there be some valid reason why default judgment cannot be taken at this time." The Civ. R. 4.1(A) notice Duncan had received from the clerk reflecting a failure of service should have caused Plaintiff's attorney to make further inquiries concerning service, but it appears that he did not.
 {¶ 24} A plaintiff's failure to satisfy the one-year service requirement of Civ. R. 3(A) is subject to objection by the defendant if a default judgment has been entered. The defendant may file a Civ. R. 60(B)(5) motion to vacate the judgment for lack of jurisdiction over his person in the action in which the judgment was entered. Rite Rug, Inc. v. Wilson. When the motion is granted, the action is reinstated on the claims for relief involved because, in that event, the default judgment was void.Karas v. Roar; Kahler v. Graham (June 18, 1998), Franklin App. No. 97APG10-1441. It was on that basis that the trial court directed Plaintiff Turner to make further efforts to obtain service on Defendant Duncan. However, as the trial court subsequently concluded when it granted Duncan's motion to dismiss, service at that point would be unavailing to satisfy the one-year requirement of Civ. R. 3(A), because more than one year had passed since Turner's complaint was filed.
 {¶ 25} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J., concur.