Peter Kanelos and A. Spiegel, d/b/a Credit Finance Company, Assignee of Peter Kanelos, Plaintiffs-Appellees, v. John Tzamalis, Defendant-Appellant.

Gen. No. M–50,454.

First District, Second Division.

July 22, 1966.

Thomas O. Flack and Charles V. Hogren, of Chicago, for appellant.

John D. Vosnos, of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is taken from an order entered on November 30, 1964, denying defendant's petition to vacate a judgment by confession entered on November 28, 1962.

On April 30, 1962, defendant purchased a restaurant business from Peter Kanelos and Virginia Behensky, lo-

cated at 728 South State Street in Chicago, known as The Little Star Restaurant. The contract of sale called for a purchase price of $5,000, of which $2,000 was paid at the time of the sale, the balance to be paid over a 6-month period, either in cash or by defendant retiring debts which accrued against the sellers of the business prior to the sale, or by a combination of both methods. Defendant also signed a judgment note evidencing the $3,000 indebtedness, made payable to "the order of Virginia Behensky & Peter Kanelos." The note was in the usual form with a warrant of attorney to confess judgment, including attorney's fees, interest and costs, and a waiver and release of all errors which might arise in a proceeding to confess judgment.

On November 26, 1962, Peter Kanelos filed his statement of claim to confess judgment upon the note for the full amount, attorney's fees, interest and costs. The statement recited that "Co-Plaintiff, Virginia Behensky declines to join this confession of judgment," but Virginia Behensky was not made a party to the action.

Execution on the judgment was issued December 6, 1962, and defendant was personally served on December 7th. On February 4, 1963, defendant filed a petition to open the judgment and for leave to plead, alleging that he was diligent in presenting the petition and that he had a good and meritorious defense on the merits, namely, that he had retired debts of over $3,000 which had accrued against the owner of the business prior to the date of sale and was therefore entitled to a credit against the balance due in accordance with the terms of his contract. Hearing on the petition was continued from time to time until July 15, 1963, on which date the petition was stricken. The judgment by confession was subsequently assigned to A. Spiegel, d/b/a Credit Finance Company, appellee herein.

On July 17, 1964, defendant filed a petition to vacate the judgment by confession, alleging that the note upon

which the judgment was confessed was payable jointly to Peter Kanelos and Virginia Behensky and that the judgment was void because it was entered on the complaint of and in favor of only one of the joint payees. The petition was denied and defendant appeals.

Defendant maintains that the judgment is void for the reason that all joint obligees on a note are necessary parties to an action to enforce the note and must join as plaintiffs or be joined as defendants. We agree.

At the outset it should be noted that during oral argument counsel for the appellee suggested that this court, sua sponte, dismiss this appeal on the ground that appellant did not file excerpts of the record. Despite this failure, we have decided to pass on the points urged for reversal because appellee did not make this suggestion until oral argument. Had it been made sooner appellant would have had the opportunity to request leave to supply the excerpts. This court has searched the record and found all matters necessary to a proper determination of this cause.

Any material departure from the authority granted by an obligor under the warrant of attorney in a judgment note will require vacation of the judgment obtained thereunder. Wells v. Durst Chevrolet Co., 341 Ill 108, 111, 173 NE 92. While a waiver of error clause contained in a warrant of attorney effects a waiver of all formal errors which may arise in a proceeding to confess judgment, errors of a material or substantive nature, such as those which pertain to the court's jurisdiction or to the power under the warrant to confess judgment, are neither released nor waived by virtue of the clause. First Nat. Bank of New Paris, Ohio v. Royer, 273 Ill App 158, 160, 161; see also 49 CJS Judgments § 169.

At common law obligees on a note were required to enforce the note jointly, neither obligee having

a right to bring suit thereon individually. Connolly v. Cottle, Beecher's Breese 364 (Ill) ; Archer v. Bogue, 3 Scam 526 (Ill). Passage of the Negotiable Instruments Act in 1907 permitted negotiable instruments to be made payable to one or more payees jointly, to one of two payees in the alternative or to one or some of several payees. See Paluszewski v. Tomczak, 273 Ill App 245, 248, 249. While the Negotiable Instruments Act in force at the time the note in question was executed allowed bills and notes to be made payable to one of two alternate payees and negotiated or enforced by either it does not appear that the Act intended to alter the common law as to the necessity of joining joint payees. Ill Rev Stats 1961, chap 98, Pars 50–79; Paluszewski v. Tomczak, 273 Ill App 245. It is significant that the Uniform Commercial Code enacted subsequent to the making of the note in the instant case provides that an instrument payable to two or more persons, not in the alternative, may be enforced only by all of them. Ill Rev Stats 1963, chap 26, Par 3–116. The right to confess judgment on the note in question had to be exercised jointly by Peter Kanelos and Virginia Behensky, both of whom are necessary parties to the action. It appears from the complaint that Virginia Behensky declined to become a party plaintiff to the confession of judgment action. Peter Kanelos, the other payee, did not join her as a party defendant as permitted by section 23 of the Civil Practice Act, Ill Rev Stats 1965, chap 110, Par 23.

The warrant of attorney contained in the note herein authorized any attorney of any court of record to confess judgment in favor of "the payee or the holder" of the note. Since Peter Kanelos and Virginia Behensky are joint payees, the phrase "the payee or the holder" refers to both payees jointly. The contention of appellee that judgment on the note could be procured to be confessed by either or both of the named payees, relying

287

on Nash v. Clark, 310 Ill App 437, 34 NE2d 876, cannot be sustained. The Nash case deals with joint and several obligors whereas the instant case involves joint obligees.

█ Appellee maintains that the sole question on this appeal concerns the trial court's jurisdiction over the person of the defendant in the confession action. We agree that the trial court had jurisdiction of the subject matter and the parties and that defendant entered a general appearance. The issue presented is whether the power in the warrant of attorney authorized an attorney selected by Kanelos, in his cognovit, to confess judgment against defendant without making the other payee (who refused to join as a plaintiff) a party defendant. We hold that the power to confess judgment against one of the two payees was not given. The fact that defendant's actions subsequent to the entry of the judgment constituted a general appearance is immaterial.

█ Appellee calls attention to section 26 of the Civil Practice Act (Ill Rev Stats 1965, chap 110, Par 26), that no suit shall be dismissed for misjoinder or nonjoinder of necessary parties. The relief requested here is not that the suit be dismissed, but that the judgment by confession be vacated. The holding of this court in no way prejudices the right of plaintiff-assignee to prosecute any claim he may have. The plaintiff will have the right to make Virginia Behensky a party defendant and the case may then proceed as a normal common law action.

The order denying defendant's motion to vacate the judgment is reversed and the cause is remanded with directions to vacate the judgment and for further proceedings not inconsistent with these views.

Order reversed and cause remanded with directions.

BRYANT, P. J. and LYONS, J., concur.