MEYERS, Appellee,

v.

McGUIRE et al., Appellants.

[Cite as *Meyers v. McGuire* (1992), 80 Ohio App.3d 644.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005169.

Decided April 15, 1992.

---

*James L. Blaszak* and *Frank S. Carlson,* for appellee.

*Timothy S. Trigilio* and *Thomas A. Januzzi*, for appellants.

REECE, Judge.

This appeal raises the question of whether the Lorain County Court of Common Pleas properly denied a motion to vacate a judgment entered by confession upon a warrant of attorney. Defendants-appellants, Howard R. McGuire and Rose Marie Meyers (collectively "defendants"), borrowed $45,000 from Rose's parents, James Meyers and plaintiff-appellee Rolande Rita Meyers ("plaintiff"), to start a business. The transaction was memorialized in a loan agreement executed November 19, 1982. On November 30, 1982, the defendants signed a cognovit note. The loan agreement was incorporated by reference into this document.

At some point afterwards, James Meyers died. The record does not indicate what became of his interest as a co-payee to the debt.

Without prior notice to the defendants, plaintiff, in her individual capacity, filed a complaint on April 2, 1991 to enforce the cognovit note. An appearance was entered on behalf of the defendants upon a warrant of attorney. The court awarded plaintiff $38,905.89 in an order entered that same day.

On May 23, 1991, the defendants filed a motion for relief from judgment pursuant to Civ.R. 60(B). An evidentiary hearing was thereafter conducted. In an entry dated July 24, 1991, the common pleas judge denied the motion without explanation. The defendants have timely appealed.

### Assignment of Error No. I

"The trial court erred in denying the motion for relief from judgment for the reasons that:

"(A) The appellants presented meritorious defenses;

"(B) Appellants were entitled to relief under Civ.R. 60(B); and

"(C) The motion for relief from judgment was filed within a reasonable period of time."

Civ.R. 60(B) states, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * * "

The Ohio Supreme Court established in *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus, that:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

This provision attempts to strike a balance between the competing principles that " 'litigation must be brought to an end and justice should be done.' " *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609, quoting 11 Wright & Miller, Federal Practice & Procedure (1973) 140, Section 2851.

Ordinarily, a motion to vacate should be overruled if any of these three requirements are not satisfied. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567; *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 67, 18 OBR 96, 99, 479 N.E.2d 879, 882–883. The courts of this state have oft recognized, however, that special circumstances are presented when a judgment is entered on a cognovit note. When prior notice is not supplied, the maker has forfeited all rights to prejudgment notice and a trial. *D.H. Overmyer Co. v. Frick Co.* (1972), 405 U.S. 174, 187, 92 S.Ct. 775, 783, 31 L.Ed.2d 124, 135. As this court observed long ago, collateral attacks upon such judgments traditionally have been freely permitted. *Mirman v. Webster* (App.1934), 17 Ohio Law Abs. 327, 328. The prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application. *Matson v. Marks* (1972), 32 Ohio App.2d 319, 327, 61 O.O.2d 476, 480–81, 291 N.E.2d 491, 497; *Society Natl. Bank v. Val Halla Athletic Club & Recreation Ctr., Inc.* (1989), 63 Ohio App.3d 413, 418, 579 N.E.2d 234, 238.

Addressing the first prong, the "movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet, supra,* 36 Ohio St.3d at 20, 520 N.E.2d at 566. The defendants

maintain, as they did at the motion hearing, that plaintiff was statutorily precluded from enforcing the cognovit note on her own without accounting for James Meyers' interest in the proceedings.

■ Since the agreement in question is a "negotiable instrument," R.C. 1303.03(A) (UCC 3–104), it is subject to R.C. 1303.15 (UCC 3–116) which flatly declares:

"An instrument payable to the order of two or more persons:

"(A) if in the alternative is payable to any one of them and may be negotiated, discharged, or enforced by any of them who has possession of it;

"(B) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

One of the primary purposes of this enactment is to protect a maker from multiple actions by co-payees to enforce a note. *McHenry Cty. Credit Co. v. Feuerhelm* (C.A.8, 1983), 720 F.2d 525, 527, fn. 3 (examining analogous Nebraska statute).

Nothing in the agreement before us indicates that the debt was payable to plaintiff individually. In all instances, she and her late husband are referred to in the conjunctive as joint payees. Moreover, no provision was incorporated which would bestow plaintiff with a right of survivorship upon her husband's death.

During the entire course of proceedings before the court of common pleas, plaintiff never alleged, let alone proved, that she had acquired James Meyers' full interest in the instrument. Based upon the record before us, the defendants have set forth, at the very least, a defense to the judgment against them. Accord *Kanelos v. Tzamalis* (1966), 73 Ill.App.2d 283, 219 N.E.2d 755; *Johnson v. Cox* (Tex.App.1982), 630 S.W.2d 492, reversed on other grounds (Tex.1982), 638 S.W.2d 867 (regarding analogous state statutes).

Turning to the second prong, there can be little doubt that the defendants' motion to vacate was timely filed. The collateral attack was initiated just over fifty days from the entry of judgment. Since the trial judge did not express any findings to the contrary, we will not hold this period to be unreasonable. See *In re Dissolution of Marriage of Watson* (1983), 13 Ohio App.3d 344, 346–347, 13 OBR 424, 425–427, 469 N.E.2d 876, 878–880.

This court has repeatedly declared that an abuse of discretion is committed when, despite the existence of a valid defense, a trial court overrules a timely motion to vacate a judgment entered without prior notice upon confession pursuant to a warrant of attorney. *Akron Rubber Lining, Inc. v. Fifer* (Feb. 22, 1989), Summit App. No. 13691, unreported, at 3, 1989 W.L. 16724;

*Davidson v. Hayes* (1990), 69 Ohio App.3d 28, 590 N.E.2d 18. We rule likewise in the case *sub judice.*

This assignment of error is sustained.

### Assignment of Error No. II

"The trial court erred in excluding statements made by James Meyers, a co-obligee on the subject cognovit note, now deceased, regarding an agreement to modify and extend said note."

█ The defendants complain that evidence was improperly excluded by the court during the hearing on the motion to vacate. Since we have already held that this application should have been granted in favor of the defendants, any evidentiary errors in that proceeding cannot be prejudicial. Evid.R. 103(A).

This assignment of error is overruled.

The judgment of the court of common pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and CACIOPPO, J., concur.