This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Glen A. Barensfeld ("Barensfeld") appeals the judgment of the Summit County Court of Common Pleas denying his motion for relief from a cognovit judgment pursuant to Civ.R. 60(B). For the following reasons, this Court affirms the judgment of the trial court.
 I.
On September 1, 1998, defendants Todd Leasing Inc., dba Auto Lease Co. ("Todd Leasing"), John M. Czoper ("Czoper") and Barensfeld executed a promissory note ("Note") for $700,000 with appellee FirstMerit Bank, N.A. ("FirstMerit"). The defendants jointly and severally agreed to pay the principal plus interest. The Note was secured with a mortgage on Barensfeld's property located at 2696 Medina Road.
Todd Leasing is a company in the business of purchasing used vehicles for the purpose of resale. On September 15, 1998, Todd Leasing by its president, Czoper, executed a Floor Plan and Security Agreement ("Floor Plan") for $500,000 with FirstMerit. The Floor Plan was secured with an interest in the inventory (automotive vehicles and trucks), accounts receivable and proceeds. Barensfeld and Czoper individually signed the Floor Plan as guarantors.
The defendants defaulted on the Note in April, 2000. FirstMerit filed a complaint seeking judgment against the defendants in the amount of $703,615.03 plus interest. Pursuant to the warrant of authority annexed to the Note, Attorney Verne G. Waldow appeared on behalf of the defendants, waived service of process and confessed judgment in favor of FirstMerit. On April 27, 2000, the trial court entered judgment for FirstMerit.
Barensfeld received notice of the cognovit judgment on May 5, 2000. On May 31, 2000, Barensfeld moved the trial court for relief from the judgment pursuant to Civ.R. 60(B). The trial court held a hearing and denied Barensfeld's motion. This appeal followed.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING THE MOTION OF GLEN A. BARENSFELD FOR RELIEF FROM COGNOVIT JUDGMENT.
Barensfeld argues that the trial court abused its discretion in denying his motion for relief from a cognovit judgment because he presented a timely and meritorious defense to the cognovit judgment. This Court disagree.
The requirements necessary for a motion seeking relief from judgment have been set forth in paragraph two of the syllabus of GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146 :
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Generally, if any of these three requirements is not satisfied, the trial court should deny the motion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Where the relief from judgment sought is on a cognovit note, "[t]he prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application." Meyers v. McGuire
(1992), 80 Ohio App.3d 644, 646.
The issue on this appeal arising from the denial of Barensfeld's Civ.R. 60(B) motion for relief from judgment is whether the trial court abused its discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. The term, "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The motion herein was timely filed. However, Barensfeld has not asserted a meritorious defense to the underlying claim.
The Floor Plan contains a guarantee clause stating:
 [t]o secure prompt payment of all sums of money, and the performance of all obligations, now or hereafter due from Dealer to Lender, Dealer grants to Lender a security interest in the following property now owned or hereafter acquired by the Dealer (herein referred to as "Collateral"):
 All presently owned and hereafter acquired inventory of automotive vehicles, including trucks, inventory, accounts receivable, chattel paper, general intangibles, furniture, fixtures, equipment, parts and accessories and the proceeds thereof and the proceeds of any insurance covering the same and all contract rights and accounts receivable arising therefrom and the proceeds of the foregoing.
 Barensfeld asserts that the language of this guarantee clause is evidence of a cross-collateralization of the Note and the Floor Plan. He further argues that FirstMerit's failure to provide notice of the disposition[1] of the collateral (inventory of vehicles) resulted in a presumption that the amount recovered from the sale of the collateral satisfied all of Barensfeld's debts with FirstMerit.
The record reflects that the Floor Plan was an agreement made between Dealer and Lender and the document defined Dealer as Todd Leasing. The Note was an agreement made between Borrower and Lender and the document defined Borrower as Todd Leasing, Czoper and Barensfeld. Both documents defined Lender as FirstMerit.
Pursuant to the guarantee clause of the Floor Plan, the Dealer/Todd Leasing granted a security interest to guarantee all of Todd Leasing's "obligations, now or hereafter due from [Todd Leasing] to Lender." Therefore, the language of the guarantee clause does not create a cross-collateralization of Barensfeld's obligations under the Note because he is not included in the definition of the party who granted the security interest under the Floor Plan.
At the hearing, Barensfeld relied solely on the language of the guarantee clause as evidence of the cross-collateralization between the Note and Floor Plan. This Court finds that Barensfeld failed to present a meritorious defense to the cognovit judgment because he was unable to support his claim that the collateral securing the Floor Plan was related to his obligation under the Note. The trial court did not abuse its discretion in denying Barensfeld's motion for relief from the judgment. Accordingly, Barensfeld's assignment of error is overruled.
 III.
Having overruled Barensfeld's sole assignment of error this Court affirms the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
______________________________________ DONNA J. CARR
BATCHELDER, P.J. CONCURS.
[1] The record reflects that at some point in November 1999, defendants defaulted on the Floor Plan. FirstMerit removed vehicles from Todd Leasing's showroom and subsequently sold the vehicles at auction. Barensfeld did not receive notice of the disposition of this collateral.