OPINION
Steve Warner appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion to vacate a cognovit judgment.
The essential facts of this case are as follows.
In June of 2000, Harold Rieck, the president of Rieck Mechanical Electrical Services, Inc. (hereinafter collectively referred to as "Rieck"), gave $25,000 to Warner. Warner signed a cognovit note stating that he would repay the $25,000 within ninety days. Warner did not pay Rieck the money within ninety days, and on February 22, 2001, Rieck filed a complaint and obtained a cognovit judgment against Warner. Warner was notified on February 26, 2001. On July 9, 2001, Warner filed a motion to vacate the cognovit judgment, claiming that Rieck had fraudulently induced him to sign the note. The trial court overruled that motion on September 19, 2001.
Warner appeals, raising one assignment of error.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO VACATE COGNOVIT JUDGMENT IN THAT APPELLANT PUT FORTH EVIDENCE SUFFICIENT TO SHOW THAT IT WAS ENTITLED TO RELIEF FROM JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(B)(3) AND (5).
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
The supreme court has established the following standard for Civ.R. 60(B) motions:
 To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150, 351 N.E.2d 113. Warner argues that he is entitled to relief from judgment pursuant to sections (3) and (5) of Civ.R. 60(B).
To support his motion, Warner submitted an affidavit asserting that Rieck had indicated to Warner that he wanted to purchase Warner's business, L.O. Warner, Inc. Warner contended that he and Rieck had formed an agreement by which Rieck had agreed to pay Warner a sum of money in exchange for Warner's customer list, the right to hire L.O. Warner's union employees, and the right to complete an existing L.O. Warner job at Wright-Patterson Air Force Base. According to Warner's affidavit, Rieck paid Warner the $25,000 as a finder's fee, and the money was to have been applied toward the total purchase price. Warner stated that Rieck had told him that the cognovit note "was merely paperwork and of no consequence and would be forgiven when the purchase of L.O. Warner, Inc. was completed." Based upon their agreement, Warner advised the union employees of L.O. Warner that they would be laid off on a Friday and begin work with Rieck on the following Monday. Warner also provided Rieck with a list of L.O. Warner's largest customers and service contracts. Rieck then backed out of the agreement and obtained judgment on the cognovit note.
The affidavit of Rieck differs substantially from that of Warner. In his affidavit, Rieck stated that he had been considering purchasing L.O. Warner and that he had loaned Warner $25,000 to keep the business operating while he reviewed its financial condition. He asked Warner to sign the cognovit note because L.O. Warner was in poor financial condition. Rieck denied stating that the note was "mere paperwork and of no consequence." When Rieck discovered that L.O. Warner was insolvent, he decided not to buy the company.
In overruling Warner's motion, the trial court addressed only his argument under Civ.R. 60(B)(3) and concluded that Warner was not entitled to relief under our decision in Fifth Third Bank of W. Ohio v. Thorn
(Feb. 23, 1994), Miami App. No. 93-CA-19. In that decision, we held that "the fraud or misconduct referred to in Civ.R. 60(B)(3) is fraud or misconduct relating to the obtaining of the judgment, rather than fraud or misconduct upon which a claim or defense is based." Id. at *4. The court did not address the timeliness of Warner's motion or his argument under Civ.R. 60(B)(5).
Courts in this state have repeatedly held that cognovit judgments present special circumstances, and "[t]he prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application." Meyers v. McGuire
(1992), 80 Ohio App.3d 644, 646, 610 N.E.2d 542. See, also, MedinaSupply Co. v. Corrado (1996), 116 Ohio App.3d 847, 850-51, 689 N.E.2d 600;Star Bank, N.A. v. Jackson (Dec. 1, 2000), Hamilton App. No. C-000242, at *2. Furthermore, in establishing a meritorious defense, the "movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." Meyers, supra, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.
Warner has alleged that Rieck told him that the cognovit note "was merely paperwork and of no consequence and would be forgiven when the purchase of L.O. Warner, Inc. was completed." This, if true, may be sufficient to establish a meritorious defense of fraudulent inducement under R.C. 1303.35(A)(1)(c). See Jackson, supra, at *5; Masternick v.Garrett (Dec. 10, 1999), Trumbull App. No. 98-T-0126, at *2. Therefore, we will remand this matter to the trial court to conduct an evidentiary hearing and to decide Warner's motion under Civ.R. 60(B)(5) as it has been discussed above.
Warner's assignment of error is sustained.
The judgment of the trial court will be reversed and the matter will be remanded for further proceedings as herein indicated.
FAIN, J. and YOUNG, J., concur.