OPINION
{¶ 1} Appellants, Michael and Maureen Badalamenti, Facilities Assets Management, Inc. ("FAM"), and M M Properties ("M M") appeal from the September 27, 2001 judgment entry of the Portage County Common Pleas Court granting the motion to dismiss of appellee, National City Bank.
{¶ 2} Appellants, Michael and Maureen Badalamenti, are the owners of FAM and partners in M M. On July 14, 1999, appellant Michael Badalamenti, in his capacity as president of FAM, executed a cognovit note pursuant to which appellee loaned FAM $500,000. The loan was guaranteed by the Small Business Administration ("SBA"). The note contained a warrant of attorney authorizing any attorney, in the event the note became due, to confess judgment against appellants in favor of appellee. Pursuant to R.C. 2323.13, the note contained the following warning, in large, bold-faced print on the signature page:
 {¶ 3} "WARNING — BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE."
{¶ 4} On July 16, 1999, appellant Michael Badalamenti executed a $200,000 line of credit note containing the same provision. FAM also anticipated receiving a further $200,000 line of credit which was never issued.
{¶ 5} On February 4, 2000, appellee commenced an action against appellants to collect on the $500,000 cognovit note. Appellee alleged that FAM had defaulted on the loan by failing to make a payment due on January 15, 2000. An administrative judge in the Cuyahoga County Common Pleas Court entered judgment for appellee in the amount of $494,097.46.
{¶ 6} Appellants filed a motion for relief from judgment on May 1, 2000. The trial court denied appellants' motion for relief from judgment, and appellants' filed a timely appeal with the Eighth Appellate District.
{¶ 7} On appeal, appellants argued that the trial court had improperly denied their motion for relief from judgment without conducting a hearing when they had presented evidence supporting causes of action for breach of contract, fraud, and equitable estoppel. The Eighth District found no merit in appellants' arguments and affirmed the trial court's denial of the motion for relief from judgment. Natl. CityBank v. Facilities Asset Mgt., Inc. (Aug. 16, 2001), 8th Dist. No. 78410, 2001 WL 931634.
{¶ 8} On November 28, 2000, appellants filed a complaint seeking injunctive relief in the Portage County Common Pleas Court. On January 12, 2001, appellee filed Civ.R. 12(B) motion to dismiss asserting that appellants' complaint failed to state a claim upon which relief could be granted, and/or the trial court lacked jurisdiction to adjudicate appellants' claim. The trial court granted appellee's motion in a September 27, 2001 judgment entry. The trial court held that the issues raised by appellants' complaint had been adjudicated in the Cuyahoga County action; therefore, appellants' claims were barred by res judicata.
{¶ 9} Appellants have filed a timely appeal of the trial court's judgment entry and makes the following three assignments of error:
 {¶ 10} "[1.] The trial court committed plain error by dismissing appellants' direct claims, which could not be fairly litigated after the imposition of cognovit judgment, on grounds of res judicata.
 {¶ 11} "[2.] The trial court violated the open court's [sic] provision of Article I, Section 16 of the Ohio Constitution by dismissing direct claims which could not be fully and fairly litigated after the entry of cognovit judgment, which were denied a Civ.R. 60(B) hearing, and were further supported by evidence before the trial court obtained after Civ.R. 60(B) relief was denied in the judgment court.
 {¶ 12} "[3.] The Portage County Court of Common Pleas had primary jurisdiction over [appellants'] claims."
{¶ 13} In their first assignment, appellants argue that the proceedings in Cuyahoga County did not constitute full and fair litigation of appellants' instant claims, and, therefore, do not raise a bar of res judicata to the present litigation.
{¶ 14} The cognovit note is a legal device whereby the debtor consents, in advance, to the creditor obtaining a judgment without notice or hearing. D.H. Overmyer Co., Inc., of Ohio v. Frick Co. (1972),405 U.S. 174, 176.
{¶ 15} "A cognovit note is not an ordinary note. It is indeed an extraordinary note which authorizes an attorney to confess judgment against the person or persons signing it. It is written authority of a debtor and a direction by him for the entry of a judgment against him if the obligation set forth in the note is not paid when due. Such a judgment may be taken by any person or any company holding the note, and it cuts off every defense which the maker of the note may otherwise have. It likewise cuts off all rights of appeal from any judgment taken on it." Jones v. John Hancock Mut. Life Ins. Co. (W.D.Mich. 1968),289 F. Supp. 930, 935.
{¶ 16} The statutory authority for cognovit notes in Ohio is found at R.C. 2323.13(A). In Overmyer, 405 U.S. at 187, the United States Supreme Court held that "a cognovit clause is not, per se, violative of Fourteenth Amendment due process." (Emphasis sic.) The factual predicate in Overmyer was that the debtor had "voluntarily, intelligently, and knowingly waived the rights it otherwise possessed to prejudgment notice and hearing, and that it did so with full awareness of the legal consequences." Id. The Supreme Court went on to suggest that in the event of a contract of adhesion, a great disparity of bargaining power, or a lack of consideration for the cognovit provision, a cognovit judgment might not be upheld. Id. at 188.
{¶ 17} In Ohio, if a judgment is taken upon a cognovit note without prior notice, relief from that judgment is warranted pursuant to Civ.R. 60(B) if the movant timely files his motion, and establishes a meritorious defense. Meyers v. McGuire (1992), 80 Ohio App.3d 644, 646. The movant need only allege a meritorious defense, not prove that he will prevail on that defense. Id. Here, appellants filed a motion for relief from judgment in the Cuyahoga County case, but the motion was denied.
{¶ 18} Any defense appellants had to the cognovit judgment should have been asserted in the Civ.R. 60(B) motion they filed in the Cuyahoga County litigation, and appellants are barred, under the principle of res judicata, from raising those issues in a subsequent action. Corrigan v.Downing (1988), 55 Ohio App.3d 125, 127. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,382. The present litigation involves the same parties and the same cognovit note that was at issue in Cuyahoga County. Appellants have failed to demonstrate that they have a cause of action separate and apart from the Cuyahoga County litigation. Therefore, in connection with the instant litigation, the trial court properly concluded that res judicata applied, and appellants' first assignment of error is without merit.
{¶ 19} Because they are interrelated, appellants' second and third assignments of error will be treated in a consolidated fashion. In their second assignment of error, appellants argue that the application of the principle of res judicata to this case was a violation of Section 16, Article I of the Ohio Constitution, which provides that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."
{¶ 20} In their third assignment of error, appellants propose that the Portage County Court of Common Pleas had primary jurisdiction over their claims. Appellants' argument is premised on the assertion that that they could not conduct full and fair litigation in Cuyahoga County because their only recourse to the cognovit judgment was a motion for relief from judgment; therefore, the Portage and Cuyahoga County Courts of Common Pleas did not have concurrent and coextensive jurisdiction.
{¶ 21} With respect to appellants' argument that they have been denied access to the courts and an opportunity to pursue their claim, they note that when they filed their complaint in the instant matter, they had additional evidence of breach of contract on the part of appellee that was not available at the time they filed their Civ.R. 60(B) motion for relief from judgment. However, appellants cite no authority for the proposition that a motion for relief from judgment can be revisited upon the discovery of new evidence. Also, even if such motion could be revisited, this court is not the appropriate forum because it lacks jurisdiction over the proceedings in Cuyahoga County.
{¶ 22} The jurisdictional priority rule in Ohio is that as between state courts of concurrent jurisdiction, the court where proper proceedings were first initiated acquires exclusive jurisdiction to adjudicate the entire issue and settle the rights of the parties. Fronkv. Chung (Apr. 30, 1999), 11th Dist. No 98-L-079, 1999 WL 266571, at 2, citing State ex rel. Sellers v. Gerken (1995), 72 Ohio St.3d 115, 117. In the instant case, appellee sought enforcement of its cognovit note in Cuyahoga County before appellants filed the instant claim in Portage County.
{¶ 23} Appellants assert that the issues are different in the two matters. However, the same transaction is at the center of the litigation, the execution of the $500,000 cognovit note. Also, appellants' arguments in the two matters are virtually identical. In their motion for relief from judgment filed in the Cuyahoga County litigation, appellants argued breach of contract and fraudulent inducement. Natl. CityBank, supra, at 2-3. Here, they are arguing breach of contract, fraud, and misrepresentation. We are unable to discern the distinction between the issues addressed by the Cuyahoga County court and the issues raised by appellants in the current litigation. Because the two lawsuits involve the same parties and the same issue, the Cuyahoga County Court of Common Pleas has primary jurisdiction over this matter. Further, the matter was fully litigated in said court. Therefore, appellants' second and third assignments of error are not well taken.
{¶ 24} For the foregoing reasons, the judgment entry of the Portage County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J. concur.