OPINION
{¶ 1} Defendant-appellant, Marjorie K. Sponcil, appeals from a Columbiana County Common Pleas Court judgment denying her Civ.R. 60(B) motion for relief from judgment.
 {¶ 2} On November 7, 2000, appellant, acting as president of defendant, Web Producers, Inc., executed a cognovit promissory note in favor of plaintiff-appellee, Second National Bank of Warren, for $140,000. On December 22, 2000, appellant executed a second cognovit promissory note in favor of appellee for $15,000. During this second transaction, appellant also executed a cognovit commercial guaranty personally guaranteeing the second note.
 {¶ 3} On August 22, 2003, appellee filed a complaint on the cognovit notes, claiming the notes and the guaranty were in default. The same day, counsel for appellant, appointed pursuant to the warrant of attorney provisions of the notes and the guaranty, confessed judgment in favor of appellee. The trial court then entered judgment in favor of appellee.
 {¶ 4} On November 3, 2003, appellant filed a motion for leave to file an amended answer, counterclaim, cross-claim, third-party complaint, instanter, appointment of receiver, and stay of execution. Then on November 5, 2003, appellant filed a motion for relief from judgment. The trial court held a hearing and subsequently denied all of appellant's motions. Appellant thereafter filed her timely notice of appeal on December 22, 2003.
 {¶ 5} Appellant raises one assignment of error, which states:
 {¶ 6} "THE TRIAL COURT ERRED IN DENYING MRS. SPONCIL'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 7} Appellant argues that the trial court abused its discretion in denying her Civ.R. 60(B) motion. She contends that her friends, R.J. Jones and Peggy Lybrand, deceived her and induced her into using her life savings to secure loans with appellee. (Tr. 10-11, 19, 28-29, 61). Additionally, appellant alleges that, when she signed the loan documents, evidence supported an inference that Paula Boniphant, the loan officer, may have been aware of Jones' deceitful tactics. (Tr. 55, 59-62).
 {¶ 8} Appellant further argues that appellee owed her a duty of good faith and fair dealing. As a result, appellant maintains, Ms. Boniphant was required to disclose to her that Jones had induced another person, Thomas Probst, into investing in a company named Cycle Supply; that Jones used the Cycle Supply loan for reasons unrelated to the operation of Cycle Supply; that Probst sustained serious financial loss as a result; and that Web Producers has minimal assets. By not disclosing this information, appellant claims that appellee participated in fraud, acted with gross negligence, and breached the duty of good faith it owed her.
 {¶ 9} Appellant urges that if she is granted relief from cognovit judgment, she will be entitled to information from appellee regarding Ms. Boniphant's relationship with Jones. Further, appellant believes that once discovery on the matter is completed, she will be able to prove that Ms. Boniphant's and Jones' relationship existed before the Cycle Supply loan, and that the two may have schemed to defraud her.
 {¶ 10} When reviewing a decision granting or denying Civ.R. 60(B) relief, appellate courts apply an abuse of discretion standard. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153. Abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec., Inc. v. ArcIndustries, Inc. (1976), 47 Ohio St.2d 146. It stated:
 {¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 13} Cognovit judgments, however, present special circumstances. Civ.R. 60(B)(5) warrants relief from a judgment taken upon a cognovit note, without prior notice, when the movant (1) establishes a meritorious defense, (2) in a timely manner.Rieck Mechanical Elec. Services, Inc. v. Warner (June 7, 2002), 2d Dist. No. 19078; Meyers v. McGuire (1992),80 Ohio App.3d 644,646. A trial court abuses its discretion when, despite the existence of a valid defense, it overrules a timely motion to vacate a judgment entered without prior notice upon confession pursuant to a warrant of attorney. Meyers,80 Ohio App.3d at 647.
 {¶ 14} "By executing a cognovit provision in a note and allowing a confession of judgment, the maker of the note waives his or her rights to notice and a prejudgment hearing. D.H.Overmyer Co., Inc. of Ohio v. Frick Co. (1972), 405 U.S. 174,176-177, 92 S.Ct. 775, 777-778, 31 L.Ed.2d 124; Medina SupplyCo., Inc. v. Corrado (1996), 116 Ohio App.3d 847, 850,689 N.E.2d 600. Consequently, collateral attacks on cognovit judgments are liberally permitted, and the burden on the party moving for relief is `somewhat lessened.' Society Natl. Bank,
supra, at 418; Meyers v. McGuire (1992), 80 Ohio App.3d 644,610 N.E.2d 542; Madison Designs, Inc. v. Fifth Third Bank (May 1, 1998), Hamilton App. No. C-970181, unreported." AdvancedClinical Mgt., Inc. v. Salem Chiropractic Ctr., Inc., 5th Dist. No. 2003CA00108, 2004-Ohio-120, at ¶ 11.
 {¶ 15} Here, there is no question that appellant acted in a timely manner. The trial court entered the cognovit judgment on October 22, 2003. Appellant filed her Civ.R. 60(B) motion on November 5, 2003, just two weeks later. Therefore, appellant met the GTE requirement of timeliness.
 {¶ 16} Consequently, if appellant met the first GTE
requirement, the trial court should have vacated the cognovit judgment. Appellant was only required to allege a meritorious defense, not prove that she would prevail on that defense. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 17} Here appellant alleged fraud as a defense. Fraud in the inducement of signing a contract is a valid defense to a cognovit judgment. Davidson v. Hayes (1990), 69 Ohio App.3d 28,31; Cautela Bros. v. McFadden (1972), 32 Ohio App.2d 329, 332.
 {¶ 18} At the hearing on the motion, appellant testified to the following. Jones and Ms. Lybrand approached her about investing in Jones' new company, Web Producers. (Tr. 18). Jones represented to appellant that he could not obtain a loan because he was a Canadian citizen and that Ms. Lybrand could not obtain a loan because of some credit issues. (Tr. 19). Appellant agreed to take out loans for the company to help her friends. (Tr. 33). She stated that Jones had made all the arrangements regarding the loans with appellee through his dealings with Ms. Boniphant. (Tr. 21). And Jones arranged the meeting between appellant and Ms. Boniphant. (Tr. 21). Before this meeting, appellant had not met or spoken with anyone else from appellee about the loans, including Ms. Boniphant. (Tr. 22). At the meeting, appellant got the impression that Jones and Ms. Boniphant had met before. (Tr. 22). When she realized at the meeting that Jones and Ms. Boniphant expected her to sign a mortgage on her house as collateral for the loan, appellant became uneasy. (Tr. 23). But then Jones and Ms. Boniphant pressured her to sign it. (Tr. 24, 43).
 {¶ 19} Appellant also testified regarding information she learned after signing for the loans. She found out from an F.B.I. agent that Jones was not who he said he was and that he was under investigation by the F.B.I. (Tr. 29). She also learned that Ms. Boniphant was involved with another loan from appellee to a company called Cycle Supply, which was another of Jones' entities. (Tr. 29). Jonathan Ames, a representative from appellee, testified that the Cycle Supply loan was made to a man named Thomas Probst. (Tr. 55). He also testified that Probst brought the matter to the F.B.I. (Tr. 62). Given this evidence, appellant alleged a meritorious defense of fraud. Appellant alleged Ms. Boniphant, and thus appellee, participated in Jones' deceit in inducing her to sign the notes. While the evidence adduced at the hearing did not prove that she will prevail on the defense, appellant's burden was not that steep. Appellant was only required to demonstrate that she had a meritorious defense to present. Rose Chevrolet, Inc., 36 Ohio St.3d at 20. Furthermore, since her motion was to vacate a cognovit judgment, appellant's burden was somewhat lessened. Advanced ClinicalManagement, Inc., 5th Dist. No. 2003CA00108, at ¶ 11. And we are mindful of the fact that the general policy in Ohio is to decide cases on their merits whenever possible. Baines v. Harwood
(1993), 87 Ohio App.3d 345, 347; Natl. Mut. Ins. Co. v.Papenhagen (1987), 30 Ohio St.3d 14, 15. Given appellant's allegation of fraud in signing the notes, the trial court should have granted her Civ.R. 60(B) motion. Thus, appellant's sole assignment of error has merit.
 {¶ 20} For the reasons stated above, the trial court's judgment is hereby reversed and this cause is remanded for further proceedings pursuant to law and consistent with this opinion.
Vukovich, J. concurs.
DeGenaro, J. dissents. See dissenting opinion.