[Cite as *Huntington Natl. Bank v. D&G Ents., Inc.*, 2013-Ohio-1117.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| HUNTINGTON NATIONAL BANK, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 12 MA 15 |
| | ) | |
| D&G ENTERPRISES, INC., et al., | ) | OPINION |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 11CV2398

JUDGMENT:                    Affirmed

APPEARANCES:
For Plaintiff-Appellee        Atty. Jerry M. Bryan
                             Atty. Joseph A. Pope
                             6 Federal Plaza Central, Suite 1300
                             Youngstown, Ohio 44503

For Defendants-Appellants     Atty. Troy J. Doucet
                             Atty. Audra Lepi Tidball
                             4200 Regent St., Suite 200
                             Columbus, Ohio 43219

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 20, 2013

{¶1} Defendants-appellants, Teri Pahon and Arlene Griffis, appeal from a Mahoning County Common Pleas Court judgment denying their motion for relief from judgment and denying their request for attorney fees.

{¶2} Appellants are the executive officers of D&G Enterprises (D&G). Sky Bank extended two loans to D&G in 2006 and 2007. Plaintiff-appellee, The Huntington National Bank, is Sky Bank's successor in interest.

{¶3} Note No. 34 was issued from Sky Bank to D&G on November 16, 2006, in the amount of $50,000 (the first loan). Appellants signed a personal guarantee that accompanied Note No. 34 and also included a confession of judgment provision. On March 12, 2007, the parties signed a modification of the first loan. The modification increased the loan to $100,000 and decreased the interest rate from 9.5 percent to 9.0 percent. Appellants once again signed a personal guarantee. Then on August 17, 2007, the parties signed another modification of the first loan. This modification increased the loan to $150,000 and decreased the interest rate to 8.5 percent. A new personal guarantee was not included with this modification.

{¶4} Note No. 67 was issued from Sky Bank to D&G on March 12, 2007, in the amount of $230,000 (the second loan). Appellants again signed a personal guarantee that accompanied Note No. 67 and included a confession of judgment provision. On June 16, 2008, the parties signed a modification of the second loan. The modification increased the loan to $305,297 and changed the interest rate. A new personal guarantee was not included with the modification.

{¶5} On July 21, 2011, appellee filed a two-count cognovit complaint against appellants and D&G demanding judgment (1) on Note No. 34 in the sum of $100,197.48, plus interest and (2) on Note No. 67 in the sum of $258,023.16, plus interest (Case No. 11-CV-2398).

{¶6} That same day, counsel for appellants, appointed pursuant to the warrant of attorney provisions of the Notes and the guarantees, confessed judgment in favor of appellee. The trial court then entered judgment against appellants and D&G for the amounts set out in the complaint.

{¶7} Approximately a month later, appellee filed a motion to vacate the judgment entry as to Note No. 67 only, without prejudice. In the motion, appellee

stated that it was discovered that Note No. 67, dated March 12, 2007, had been rewritten on June 16, 2008, as evidenced by a promissory note in the original amount of $305,297.00. Appellee stated that while judgment was entered for the correct amount due on Note No. 67, judgment was not entered on the current promissory note. Subsequently, the trial court put on an order vacating the judgment as to Note No. 67.

{¶8} Appellee filed a new cognovit complaint on August 31, 2011, demanding judgment on Note No. 67, this time attaching the more recent promissory note (Case No. 11-CV-2927). Judgment was again confessed in favor of appellee. The trial court entered judgment against appellants and D&G that day.

{¶9} On September 9, 2011, appellants filed a Civ.R. 60(B) motion for relief from judgment in Case No. 11-CV-2398. They asserted that the judgment against them was erroneous because the guarantees appellee relied on in obtaining its judgment were no longer valid. Appellants argued that they were no longer liable for the obligation on Note No. 34 by virtue of a novation.

{¶10} On October 21, 2011, appellants filed a Civ.R. 60(B), motion for relief from judgment in Case No. 11-CV-2927. They asserted that they were entitled to relief from the judgment in this case due to a novation, judicial estoppel, a pending case involving the same note, and a deviation from the proper procedure in confessing judgment. Additionally, appellants filed a motion for attorney fees alleging that appellee acted frivolously in filing its complaint in Case No. 11-CV-2927 when Case No. 11-CV-2398 was still pending. They also moved the court to consolidate Case No. 11-CV-2927 with Case No. 11-CV-2398.

{¶11} The trial court consolidated the two cases. And on January 3, 2012, the court denied both of appellants' motions for relief from judgment. In so ruling, it found that the modifications of the loan documents were not novations, judicial estoppel did not apply, and appellee was permitted to file the second complaint.

{¶12} Appellants filed a timely notice of appeal on January 27, 2011. This court sent the case back to the trial court to rule on appellants' motion for attorney's fees. The trial court then entered a judgment denying appellants' request for

attorney's fees.

{¶13} Appellants now raise two assignments of error, the first of which states:

THE COURT ERRED IN DENYING DEFENDANTS-APPELLANTS RELIEF FROM A COGNOVIT JUDGMENT.

{¶14} Appellants argue here that the trial court should have granted their motion for relief from judgment. They contend that they presented sufficient facts to show the meritorious defense of novation. Appellants assert that they were only required to allege operative facts constituting a novation. They were not required to affirmatively prove a novation occurred. Appellants assert that the trial court wrongly determined the merits of the case instead of simply determining whether they had presented facts to suggest a meritorious defense.

{¶15} As to Note No. 34, appellants point out that while they signed personal guarantees on the original loan and the first replacement loan, they did not sign personal guarantees on the final replacement loan. They further argue that terms of each subsequent loan wholly replaced all of the language in the previous loan and did not simply modify the terms.

{¶16} As to Note No. 67, appellants point out that while they signed a personal guarantee on the original loan, they did not sign a personal guarantee on the replacement loan. And again they argue that the terms of the second loan wholly replaced the terms of the first loan.

{¶17} As to both loans, appellants argue that the new agreements increased the amounts of the loans and changed the interest rates.

{¶18} When reviewing a decision granting or denying Civ.R. 60(B) relief, appellate courts apply an abuse of discretion standard. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). Abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} Cognovit judgments present special circumstances. Civ.R. 60(B)(5)

warrants relief from a judgment taken upon a cognovit note, without prior notice, when the movant (1) establishes a meritorious defense, (2) in a timely manner. *Meyers v. McGuire*, 80 Ohio App.3d 644, 646, 610 N.E.2d 542 (9th Dist.1992). A trial court abuses its discretion when, despite the existence of a valid defense, it overrules a timely motion to vacate a judgment entered without prior notice upon confession pursuant to a warrant of attorney. *Id.* at 647.

**{¶20}** By executing a cognovit provision in a note and allowing a confession of judgment, the note's maker waives his or her rights to notice and a prejudgment hearing. *D.H. Overmyer Co., Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 176-177, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). For this reason, courts liberally permit collateral attacks on cognovit judgments. *Meyers*, 80 Ohio App.3d 644. The movant's burden is somewhat lessened when the judgment was taken by confession on warrant of attorney without prior notice. *Society Natl. Bank v. Val Halla Athletic Club & Recreation Ctr., Inc.*, 63 Ohio App.3d 413, 418, 579 N.E.2d 234 (9th Dist.1989).

**{¶21}** A novation can be a meritorious defense on a cognovit judgment where sufficient operative facts alleging a novation are present. *Cadillac Music Corp. v. Kristosik*, 8th Dist. Nos. 92677, 92678, 2009-Ohio-5830, ¶16.

**{¶22}** Novation requires an agreement between the creditor and his debtor that is meant to extinguish the old obligation by substituting a new party, a new obligation, or both. *Fed. Land Bank of Louisville v. Taggart*, 31 Ohio St.3d 8, 14, 508 N.E.2d 152 (1987). The party asserting a novation must make a positive showing of such as a novation is never presumed. *St. Elizabeth Hosp. Medical Center. v. Moliterno*, 7th Dist. No. 89 C.A. 185 (Dec. 11, 1991).

**{¶23}** In the present case, we must look to the terms of the various modifications and guarantees.

**{¶24}** Both the first and second amendments to Note No. 34 contained the following language:

CONTINUING VALIDITY. Except as expressly changed by this Agreement, the terms of the original obligation or obligations, *including*

*all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect.* * * * It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing.

(Emphasis added.) This language clearly indicates the parties' intention that the personal guarantees signed by appellants were to remain in full force and effect despite the fact that the parties altered the terms of the loan.

**{¶25}** The amendment to Note No. 67 did not contain the same provision as the one set out for Note No. 34. However, as to both Notes, there was no novation because the alteration of the loan amount and interest rate did not extinguish the old obligation.

**{¶26}** In *Society Nat. Bank v. Edmunds Management Co.*, 8th Dist. No. 65280, 1994 WL 317831 (June 30, 1994), the appellate court upheld a confessed judgment against the guarantor even though the loan had been revised to increase the principal amount, change the interest rate, and reduce the monthly payments. And in *Turtle Enterprises v. Liebowitz*, 8th Dist. No. 59126, 1991 WL 204980 (Oct. 10, 1991), the court found that the modification of the repayment terms did not constitute a novation because the modification merely modified the repayments terms and did not demonstrate an intention by the parties to substitute or discharge any parties liable for the debt.

**{¶27}** "Mere modification of an original contract will not suffice in establishing novation. Anything that still remains in effect of the original obligation prevents novation unless the contrary is *particularly expressed or shown by the evidence*." (Emphasis sic.) *Parkway Business Plaza Ltd. Partnership v. Custom Zone, Inc.*, 8th Dist. No.87434, 2006-Ohio-5255, ¶22, quoting *Braun v. Danter*, 10th Dist. No. 74AP-606, 1975 WL 181364 (May 20, 1975). In this case, there is no particular expression by the parties to create a novation or to not honor the terms of the original loans including the personal guarantees.

**{¶28}** Moreover, the personal guarantees themselves, to both Note No. 34 and Note No. 67, expressly secure D&G's indebtedness:

The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon * * * arising from any and all debts, liabilities and obligations of every nature or form, *now existing or hereafter arising or acquired*, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender. "Indebtedness" includes, without limitation, loans, advances, debts * * * other obligations, and liabilities of Borrower, and any present or future judgments against Borrower, *future advances, loans or transactions that renew, extend, modify, refinance, consolidate, or substitute these debts*, liabilities and obligations whether: * * * due or to become due by their terms or acceleration * * * primary or secondary in nature or arising from guaranty or surety * * * originated by Lender or another or others * * * *and originated then reduced or extinguished and then afterwards increased or reinstated*.

(Emphasis added.) These guarantees specifically contemplate that the loan may be modified or replaced and that the guarantees will still apply.

**{¶29}** Based on the above, the trial court did not abuse its discretion in finding that appellants failed to present a meritorious defense to the judgments against them.

**{¶30}** Accordingly, appellants' first assignment of error is without merit.

**{¶31}** Appellants' second assignment of error states:

THE COURT ERRED IN DENYING DEFENDANTS-APPELLANTS' MOTION FOR ATTORNEY'S FEES DUE TO PLAINTIFF-APPELLEE'S FRIVOLOUS CONDUCT.

**{¶32}** In this assignment of error, appellants contend that the trial court should have granted their motion for attorney fees. They assert that appellee engaged in

frivolous conduct by filing Case No. 2927. Doing so, appellants argue, caused unnecessary delay, wasted judicial resources, and increased litigation costs. They contend that because Case No. 2927 involved a cognovit judgment, they were unaware of it until after their counsel had already filed motions and an answer in Case No. 2398 on the very subject of Case No. 2927 (Note No. 67). Appellants assert that filing Case No. 2927 maliciously injured them by frustrating their ability to file an answer in Case No. 2398 where the cognovit judgment was already vacated and resulted in appellee obtaining a second cognovit judgment without their knowledge despite the fact that they had retained counsel and were actively engaged in defending Case No. 2398. They further point out that appellee obtained a cognovit judgment and garnishment order before their counsel became aware of Case No. 2927. They contend that appellee's conduct in doing so was particularly egregious because it knew appellants were contesting the judgment as to both Note Nos. 34 and 67. At the least, appellants assert, the trial court should have held a hearing on the motion.

{¶33} The standard of review on the issue of attorney fees is abuse of discretion. *Motorists Mut. Ins. Co. v. Brandenburg*, 72 Ohio St.3d 157, 160, 648 N.E.2d 488 (1995). It is well-settled law that if there is no statutory provision for attorney fees, the prevailing party is not entitled to fees under the American rule unless the party against whom the fees are to be assessed is found to have acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 314, 649 N.E.2d 1219 (1995), citing *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.*, 46 Ohio St.2d 177, 181, 347 N.E.2d 527 (1976).

{¶34} In this case, there is a statutory provision for attorney fees. R.C. 2323.51(B)(1) permits the trial court to award reasonable attorney fees to a party "adversely affected by frivolous conduct." "Frivolous conduct" includes conduct that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." R.C.

2323.51(A)(2)(a)(i).

**{¶35}** As to R.C. 2323.51, the trial court found that nothing required appellee to bring its Note No. 67 claim in Case No. 2398. The court reasoned that appellee held two separate sets of loan documents pertaining to two separate and distinct loans. As such, appellee was free to file two separate complaints. The court went on to note that once it vacated its judgment entry as to Note No. 67 without prejudice, appellee was free to assert this claim in a separate action as if for the first time. Additionally, the court stated that even if appellee wanted to, it had no way to re-file or amend its complaint in Case No. 2398 because the case was closed by virtue of the final judgment entry entered, which remained final as to Note No. 34.

**{¶36}** Although R.C. 2323.51 requires a trial court to hold a hearing before it grants a motion for attorney fees, the court is not required to hold a hearing when it determines, upon consideration of the motion and in its discretion, that the motion lacks merit. *Bigelow v. Nguyen*, 7th Dist. No. 08-CO-48, 2009-Ohio-3325, ¶24, citing *Papadelis v. Makris*, 8th Dist. No. 84046, 2004-Ohio-4093, ¶12.

**{¶37}** In this case, the trial court did not abuse its discretion in denying appellants' motion for attorney fees without holding a hearing. Firstly, the trial court was not required to hold a hearing. Secondly, the court gave a detailed, well-reasoned explanation as to why appellee did not violate R.C. 2323.51. And as the court found, Case No. 2398 was closed as it applied to Note No. 67. Appellee had no choice but to file a new complaint to assert its claim on that Note.

**{¶38}** Accordingly, appellants' second assignment of error is without merit.

**{¶39}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite. J., concurs.

DeGenaro, P.J., concurs.